543 So.2d 1132 (1989)
STATE of Louisiana
v.
James R. THOMPSON.
No. KA 88 1234.
Court of Appeal of Louisiana, First Circuit.
May 16, 1989.
*1133 Ralph Tureau, Gonzales, for plaintiff/appellee State of La.
Robert Monohan, Baton Rouge, for defendant/appellant James R. Thompson.
Before WATKINS, CRAIN and ALFORD, JJ.
CRAIN, Judge.
James R. Thompson was charged by bill of information with simple burglary, in violation of La.R.S. 14:62.[1] He was tried by a jury, which convicted him as charged. The trial court imposed a sentence of twelve years at hard labor. Defendant appealed, urging four assignments of error, as follows:
1. The trial court erred by denying his motion for a mistrial urged in response to inflammatory, prejudicial, and improper remarks made by the prosecutor during voir dire.
2. The evidence is insufficient.
3. The record contains errors patent.
4. The sentence is excessive.
Assignment of error number one was not briefed on appeal and, therefore, is considered abandoned. Uniform Rules Courts of Appeal, Rule 2-12.4. Although defendant alleged that the record contains errors patent, he does not set forth a specific manner in which he contends the record is deficient. This Court routinely reviews every appellate record for the existence of patent error. Our review of this appeal reveals that the bill of information was not signed by the district attorney or one of his assistants. Accordingly, that error will be discussed below.

FACTS
Defendant was charged with the burglary of the American Credit Corporation building in Gonzales, Louisiana. While on routine patrol shortly after midnight, on May 13, 1987, Officer Israel Moreno of the Gonzales City Police noticed that one of the interior doors had been closed since he had passed by the office approximately two hours earlier. Officer Moreno saw defendant, whom he recognized, standing under a street light near the building. Defendant walked swiftly away. Officer Moreno investigated the building and found that a rear door had been broken and the doorknob shattered. Officer Moreno called for a backup unit and investigated the inside of *1134 the offices. He found several file cabinets in disarray and the desk drawers open.
Howard Demahy, one of the owners of the American Credit Corporation, testified that a package of "bait money" was taken from a filing cabinet. The bait money consisted of several bills of various denominations that were clipped to the outside of an envelope left in the cabinet. The bills had been photocopied by the Gonzales City Police, and the copies were on file in the police office.
Defendant was arrested within two hours of the discovery of the burglary, and a ten dollar bill was recovered from his person. The serial number was checked and was found to match one of the photocopied bills. A fingerprint was lifted from the outside of the rear door of the American Credit Corporation offices. The print was found toward the top of the door, near a hole that had been broken in it. The print was submitted to the State Police Crime Laboratory and was identified as defendant's fingerprint.

SUFFICIENCY OF THE EVIDENCE
By assignment of error number two, defendant submits that the evidence is not sufficient to sustain the verdict. He argues that the state failed to prove that he had entered the building. He further contends that the state failed to eliminate the possibility that the burglary was committed by Acklen Jackson, a state witness.
The standard of review for the sufficiency of the evidence is whether or not any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could conclude that the state proved each element of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). This standard was codified in La.C. Cr.P. art. 821. State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983). The statutory rule as to circumstantial evidence is that, assuming every fact to be proved that the evidence tends to prove, in order to convict it must exclude every reasonable hypothesis of innocence. La.R.S. 15:438.
The state presented evidence that, shortly after the crime was committed, defendant was seen in the area by a police officer who knew him. Defendant's fingerprints were found on the rear door of the building, which presumably was not used for public access. The prints were found near a hole that had been knocked in the door, apparently by the burglar to facilitate the burglary. Fruits of the burglary were recovered from defendant's person within a few hours of the commission of the crime. The state also presented testimony by Acklen Jackson, a friend of defendant, that he drove defendant to a convenience store in Baton Rouge on the night of the burglary and that defendant had purchased items there. A ten dollar bill that was also a part of the bait money was recovered from the store.
Defendant contends the state did not prove that the burglary was not committed by Jackson. Two five dollar bills that were also part of the bait money had been recovered from him. Jackson testified that defendant had given him the money in payment of a debt. He specifically denied that he had been involved in the burglary in any way.
The trier of fact can accept or reject, in whole or in part, the testimony of any witness. State v. Burge, 498 So.2d 196 (La.App. 1st Cir.1986). This Court on appeal will not assess the credibility of witnesses or reweigh the evidence to overturn a factfinder's determination of guilt. State v. Matthews, 450 So.2d 644 (La.1984). The jury's verdict indicates that the jurors believed Jackson's testimony that he had not committed the offense.
We find, therefore, that the evidence as a whole, viewed in the light most favorable to the prosecution, establishes beyond a reasonable doubt that defendant committed the offense. Accordingly, this assignment of error has no merit.

EXCESSIVE SENTENCE
By assignment of error number four, defendant submits that the trial court imposed an excessive sentence. Defendant was sentenced to serve twelve years at *1135 hard labor, the maximum term statutorily authorized for this offense. He contends that the sentence is excessive because the amount of money taken from the office was relatively small and, therefore, this offense is not the most serious type of burglary.
The trial court set forth extensive written reasons to justify the imposition of the maximum sentence. The court noted that defendant committed the instant offense while he was on parole, having been convicted previously of six counts of burglary. The court noted, as well, that, although defendant was convicted of only one count of burglary in this trial, he was originally charged with and made statements incriminating himself in connection with twenty-seven other burglaries in the area, which were still pending. The court further noted that defendant had a lengthy criminal record as an adult and, as a juvenile, had been committed to LTI twice. Finally, the court considered each of the sentencing criteria set forth in La.C.Cr.P. art. 894.1 and found no applicable mitigating circumstances. The court concluded that defendant was in need of correctional treatment or a custodial environment which could be provided more effectively by his commitment to an institution and that a lesser sentence would deprecate the seriousness of the crime and would be a grave injustice to the community.
Maximum sentences are reserved for the most serious violations of the described offense and for the worst offenders. State v. Buie, 477 So.2d 157 (La.App. 1st Cir.1985). The court clearly found defendant to be among the worst offenders. Although the late-night burglary of a business office may not appear to be one of the worst possible offenses, the sentencing court concluded that defendant's conduct presented a grave risk to local residences and businesses. Accordingly, we are not willing to find that a sentence less than the maximum was required.

PATENT ERROR
This Court has noticed, ex proprio motu, error patent on the face of the record. As previously noted, the bill of information contained in the appellate record does not bear the signature of the district attorney or one of his designated assistants.
La.C.Cr.P. art. 384 provides that "[a]n information is a written accusation of crime made by the district attorney and signed by him." However, by presenting the case at trial, the prosecution fully ratified the filing of formal charges; and, therefore, any protection that is afforded to the accused and to society by the requirement that the district attorney's signature appear on the bill of information was fully accorded herein. See State v. White, 404 So.2d 1202 (La.1981). Further, although the failure of the district attorney to sign the bill of information is a ground for quashing the information, defendant's failure to file a motion to quash waived his right to complain of the failure of the prosecutor to sign the bill of information. Id. at 1205.
AFFIRMED.
NOTES
[1] Defendant was jointly charged in one bill of information with twenty-eight counts of simple burglary. On the day trial began, the count on which the instant prosecution is based was severed. The record does not reflect the ultimate disposition of the remaining charges.