THIBODEAUX, Judge.
On July 12, 1991, the defendant, Dennis Lee Daniels, Sr., was charged by bill of indictment with three counts of distribution of cocaine, a controlled dangerous substance, schedule II, pursuant to LSA-R.S. 40:967 A(l). On June 20, 1992, the jury found defendant guilty on all three counts charged. A multiple offender bill was filed on July 22, 1992, charging the defendant as a second offender pursuant to LSA-R.S. 15:529.1. On July 27, 1992, defendant was adjudged to be a habitual offender, second offense and sentenced to seventeen and one-half years at hard labor.[1]
The defendant appeals his conviction and assigns errors, one of which is the trial court’s denial of his motion for mistrial because of improper cross-examination of him regarding prior convictions. Because we find merit in this assignment, we reverse defendant’s conviction, vacate his sentence, and remand to the trial court.
FACTS
The defendant was testifying while on cross-examination, the prosecutor questioned him regarding charges of unauthorized entry and simple kidnapping which occurred in 1984. Defendant was never prosecuted on these charges. The defense attorney objected and moved for a mistrial.
The state argues that breaches of the prohibitions regarding impeachment by pri- or criminal acts do not automatically result in reversible error citing State v. Davis, 289 So.2d 123 (La.1974), and stating the applicable test was whether the question regarding the charges of unauthorized entry and simple kidnapping made it impossible for the defendant to obtain a fair trial, pursuant to La.C.Cr.P. art. 775.
The only instance where questioning relative to prior charges has been subjected to a harmless error analysis was in the instance of a guilty plea pursuant to a plea bargain where the original charges have been dropped or reduced. In those cases, the questioning was found to be an effort to show the true nature of the offenses on which the defendant’s prior convictions was based. See, State v. Tassin, 536 So.2d 402 (La.1988). However, no plea bargain agreement existed on the charges in the case sub judice.
La.C.Cr.P. art. 775 addresses the grounds for both mandatory and discretionary mistrial. The part of the article addressing mandatory mistrial provides for two general instances where granting of a mistrial is mandatory:
Upon motion of a defendant, a mistrial shall be ordered, and in a jury case the jury dismissed, when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial, or when authorized by Article 770 or 771.
La.C.Cr.P. art. 770(2) applies in this case and provides:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the *150 jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
* * * * * *
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
******
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.
In order to avoid a mandatory mistrial, evidence of other crimes must be admissible under La.C.E. art. 609.1. However, paragraph B of this article states:
B. Convictions. Generally only offenses for which the witness has been convicted are admissible upon the issue of his credibility, and no inquiry is permitted into matters for which there has only been an arrest, the issuance of an arrest warrant, an indictment, a prosecution, or an acquittal.
Although generally every witness by testifying subjects himself to inquiry relative to his criminal convictions under La.C.E. art. 609.1(A), paragraph (B) clearly sets questioning relative to charges which have not resulted in a conviction outside the limits of proper questioning. Reading La.C.Cr.P. art. 770 and La.C.E. art. 609.1 together, a mandatory mistrial is required in jury trials [1] where assertive[2] references to charges brought against the defendant for impeachment purposes, as was done in the present case.[3]
An objection was raised when the prosecutor attempted to talk about details of the defendant’s prior convictions which the judge sustained, limiting the prosecutor to the fact of the convictions. In arguing the objection, the prosecutor stated “... This is a whole different issue, Judge. This is impeachment.” A bench conference was held. In preserving the matter for the record, the prosecutor again urged his reason as being “... impeachment only.” Immediately after the conference, the prosecutor began questioning the defendant about the fact and nature of his prior convictions and whether the defendant remembered those convictions. The defendant stated affirmatively that he remembered some of the convictions but not others which were misdemeanors. Later, the defendant gave the general statement “If it’s on there, yes, sir, I remember it.” He explained that it had been too long for him to remember every detail.
The following exchange then occurred:
Q Okay. What about '84, a nonauthor-ized entry, a simple kidnapping charge, you remember that?
MR. WARE: I’m going to object to that, Your Honor, and I’d ask for a mistrial.
THE COURT: Approach the Bench, please.
[BENCH CONFERENCE]
THE COURT: Has he been convicted of the kidnapping? Is that what you’re telling me?
MR. CLEMONS: That’s what I’m asking him, Judge. I don’t know.
THE COURT: Well, you’ve got a record. You can’t ask him that kind of thing.
MR. CLEMONS: Excuse me.
THE COURT: You can’t ask him that kind of thing. You know what he’s convicted of, and that’s all that’s admissible.
MR. CLEMONS: Judge, I know what he’s been charged with. I do not know whether they were convictions or not. That’s what I’m asking him.
THE COURT: Well, I’m not going to let you ask that question.
*151 MR. WARE: Judge, I move for a mistrial. This is improper prosecutorial conduct at its worst.
The trial judge denied the motion for mistrial, but sustained the objection.
A review of the record reveals that a copy of defendant’s rap sheet was in the prosecutor’s possession prior to the trial. A copy of the rap sheet was included in the documents attached to the state’s answer to the defendant’s motion for discovery filed December 3, 1991. The rap sheet shows that the charges of unauthorized entry and simple kidnapping dated June 13, 1984, were filed with the Calcasieu Parish Sheriff’s Department. However, there was no listing for the charges’ dispositions or any docket number, thus indicating the matter was neither prosecuted nor defendant convicted. As those charges were handled by the same district attorney’s office handling the present case, the prosecutor should have been able to determine the outcome prior to trial.
It is clear that the prosecutor was seeking the information about the charged offenses for impeachment purposes. La. C.E. art. 609.1(B) clearly places this type of evidence outside the range of admissible evidence. As such, La.C.Cr.P. art. 770(2) defines this kind of remark or comment, made by the prosecutor in the presence of the jury, as cause for a mistrial. The article further mandates that an admonition of the jury in these cases is not sufficient to prevent a mistrial, unless the defendant requests that no mistrial be granted. The defendant clearly requested a mistrial. The record reveals a request for an admonition was not made by the defense, nor was one given by the court of its own accord. The comment made by the prosecutor cannot be characterized as something other than “other crimes” evidence. Therefore, it is inadmissible under La.C.E. art. 609.1(B) and requires a mistrial under La.C.Cr.P. art. 770(2).
CONCLUSION
For the foregoing reasons, defendant’s conviction is reversed, his sentence vacated and set aside, and this matter is remanded to the trial court for a new trial.
REVERSED AND REMANDED.

. The sentence was imposed without mention of restriction, and thus is illegally lenient. LSA-R.S. 15:529.1(G) requires that:
Any sentence imposed under the provisions of this Section shall be without benefit of probation or suspension of sentence.
Since this error patent was not raised by the defense or state, we may not correct it. See, State v. Fraser, 484 So.2d 122 (La.1986).

. See, State v. Marshall, 359 So.2d 78 (La.1978).

. See, State v. Hatch, 305 So.2d 497 (La.1974).

.La.C.E. art. 609.1 has no federal counterpart. Its source is former LSA-R.S. 15:495 which expressly forbids evidence of mere charges.