644 So.2d 745 (1994)
STATE of Louisiana
v.
Jerry SELVAGE.
No. 93 KA 1435.
Court of Appeal of Louisiana, First Circuit.
October 7, 1994.
*747 Doug Moreau, Dist. Atty., Baton Rouge, for plaintiff-appellee State.
David Price, Office of Public Defender, Baton Rouge, for defendant-appellant Jerry Selvage.
Before GONZALES, FOGG and PARRO, JJ.
PARRO, Judge.
Jerry Selvage was charged by bill of information with aggravated burglary, a violation of LSA-R.S. 14:60. He pled not guilty and, after trial by jury, was convicted as charged. Subsequently, the state charged defendant as a third felony habitual offender; and defendant stipulated to the charge. The court sentenced him to serve a term of twenty years imprisonment at hard labor. Defendant has appealed, urging seven assignments of error. Assignments of error numbers 1, 6, and 7 were not briefed on appeal and, therefore, are considered abandoned. See Uniform RulesCourts of Appeal, Rule 2-12.4.

*748 PATENT ERROR

In reviewing the record for patent error, we have discovered the assistant district attorney did not sign the bill of information. Article 384 of the Louisiana Code of Criminal Procedure requires the district attorney (or the designated assistant) to sign the formal charging instrument. See State v. White, 404 So.2d 1202, 1204-05 (La.1981); See generally LSA-C.C.P. art. 863. In the instant case, Assistant District Attorney Beau Brock merely placed his initials on the signature line. Such does not comply with the statute's requirement that the document be "signed." However, by responding to defendant's discovery motions and by presenting the case at trial, the prosecution fully ratified the filing of formal charges; therefore, any protection that is afforded to the accused and to society by the requirement that the district attorney's signature appear on the bill of information was fully accorded in this case. If there were any doubts concerning the authenticity of the prosecutorial instrument, those were undoubtedly dispelled by the assistant district attorney's active prosecution of this case. White, 404 So.2d at 1205; State v. Thompson, 543 So.2d 1132, 1135 (La.App. 1st Cir.1989). Further, although the failure of the assistant district attorney to sign the bill of information was a ground for quashing the information, defendant did not file a motion to quash and, thus, waived the right to complain of the failure of the prosecutor to sign the bill of information. See Thompson, 543 So.2d at 1135. See LSA-C.Cr.P. arts. 384, 534(1) and 535.

FACTS
At about 11:30 p.m. on September 15, 1992, Yvonne Haynes, a landscape architecture student at Louisiana State University, was driving home after doing school work in the design studios on the LSU campus. As she was driving close to her house, she noticed a man walking down the street. She stopped her car at her house and decided to wait until the man had passed before getting out of her car. As she rolled up her window, the man suddenly appeared at her car and asked for directions to a nearby street. When Haynes turned her head to indicate the direction, the man stuck his hand behind her head, warned her he had a .25 automatic weapon, and threatened to shoot her. He then asked for her book bag, which Haynes also used as her purse. Haynes was terrified and tried to stall the man to determine if he really had a gun. She turned her head and saw that he did not have a gun in his hand.
The man reached in through the partially open car window and unlocked the door. Haynes tried to get out of her car, but the man pushed her back. He demanded her keys and started pushing her across the seat and hitting her. Haynes testified that the man hit her about ten or fifteen times on the left side of her body. While the man continued to hit her, Haynes threw her keys onto the floorboard and used her arm to defend herself. During the struggle, she managed to honk the horn several times while she screamed for help. Shortly, several neighbors came outside and started yelling at the man. The man grabbed Haynes' bag, got out of the car, and started running.
Three men who had come outside in response to Haynes' pleas started chasing the man in an effort to recover the book bag. The three men followed the perpetrator until after he jumped into a muddy canal and threatened to shoot them with a gun. Concerned that the perpetrator might have a gun, the three neighbors did not go into the canal. However, they persisted in asking the man to drop the bag. By this time, several police units arrived at the scene. Two of the officers climbed over the fence, handcuffed the man, and pulled him out of the canal and over the fence. Another officer went into the canal and recovered the victim's bag.
The victim was taken to the scene of the arrest where she identified the suspect. At the trial, the victim and other witnesses identified defendant as being the man who had taken the victim's book bag. Defendant testified in his own defense at the trial. He admitted taking the victim's bag, but he claimed there was no struggle when he reached into the car and picked up the bag.

DENIAL OF MOTION FOR MISTRIAL
In the second assignment of error, defendant asserts the court erred when it *749 denied his motion for mistrial which was filed on the ground the state failed to comply with its continuing duty to provide discovery. Defendant specifically argues that, by failing to give him additional information it had concerning his criminal record, the state lulled defendant into a misapprehension of the strength of the state's case and caused defense counsel to improperly advise him to testify.
Prior to trial, defendant filed a routine discovery motion in which he asked for a copy of his "criminal arrest and conviction record." In the state's answer to the motion for discovery, the state responded that a copy was attached. We have found a copy of defendant's rap sheet in the record. The rap sheet shows a conviction for simple criminal damage to property; and there also is an entry for a sentence which apparently was imposed as the result of convictions for attempted first degree robbery, simple burglary, and aggravated battery. The rap sheet also discloses some arrests which were not prosecuted, as well as several arrests for which there is no disposition (possession of a stolen vehicle, failure to leave the premises, family court bench warrant, simple battery on a police officer, resisting an officer, aggravated burglary, simple burglary, theft of an automobile, attempted first degree robbery, simple battery, and resisting an officer). When defendant testified at the trial, on direct examination he admitted having previously been convicted of attempted first degree robbery, aggravated battery, and simple criminal damage to property (misdemeanor). On cross-examination, when the state indicated its intent to question defendant about his prior convictions, defense counsel objected and explained that she anticipated the state was going to try to question defendant about convictions which were not reflected in the state's answer to defendant's discovery motion. Responding, the prosecutor revealed that pursuant to discovery he had given defendant a copy of the most recent rap sheet. During the trial when he discovered that defendant was going to testify, he had his investigator check records in the district attorney's office to find the disposition of the arrests which appear on defendant's rap sheet. Defense counsel argued that the state's failure to provide the information earlier violated its continuing duty to provide discovery material. Counsel also maintained that the rap sheet (which did not reflect the additional convictions) was considered when counsel advised defendant to testify. Finding that defendant had opened the door to the state's line of questioning, the court indicated it would allow the state's questions. Defendant moved for a mistrial on the ground of the discovery violation. The court denied the motion but gave defense counsel the opportunity to discuss the additional information with defendant.
When testimony resumed, the state asked defendant about his convictions. Agreeing with the prosecutor, defendant admitted convictions for attempted "simple" robbery, simple criminal damage to property, and "battery." When the state also asked defendant if he had convictions for two counts of simple battery (rather than for just one count) and for two counts of simple burglary, defendant denied these additional convictions. Later, defendant corrected the prosecutor and testified that his robbery conviction was for attempted first degree robbery rather than for attempted simple robbery.
The discovery rules of the Louisiana Code of Criminal Procedure require the court, upon the defendant's motion, to order the district attorney or the appropriate law enforcement agency "to furnish to defendant a copy of any record of his criminal arrests and convictions that is in their possession or custody." LSA-C.Cr.P. art. 717. Article 729.3 requires a party to "promptly" notify the other party and the court of the existence of additional evidence discovered after compliance with an earlier discovery order. The court may impose sanctions when it is brought to its attention that a party has failed to comply with discovery and inspection or an order issued pursuant thereto. LSA-C.Cr.P. art. 729.5(A). See State v. Meshell, 392 So.2d 433, 435 (La.1980). These sanctions include ordering the party to permit the discovery or inspection, granting a continuance, ordering a mistrial (on the defendant's motion), excluding the evidence, or entering such other order, other than dismissal, as may be appropriate. LSA-C.Cr.P. *750 art. 729.5(A). Article 729.5 is permissive and does not mandate any particular remedy. Mistrial is a drastic remedy which should be granted only when the defendant suffers such substantial prejudice that he has been deprived of any reasonable expectation of a fair trial. Failure to comply with discovery merits a mistrial only when the state's conduct substantially affects the defendant's right to prepare a defense. State v. Hooker, 623 So.2d 178, 182 (La.App. 2nd Cir.1993). See also State v. Bourque, 622 So.2d 198, 239 (La.1993).
The articles regulating discovery are intended to eliminate unwarranted prejudice which could arise from surprise testimony. Discovery procedures enable the defendant to properly assess the strength of the state's case against him in order to prepare his defense. If a defendant is lulled into a misapprehension of the strength of the state's case by the failure to fully disclose, such prejudice may constitute reversible error. State v. Johnson, 604 So.2d 685, 691 (La.App. 1st Cir.1992), writ denied, 610 So.2d 795 (La.1993). The state's failure to comply with discovery requests does not constitute reversible error unless actual prejudice results to the defendant. See State v. Busby, 464 So.2d 262, 264 (La.), cert. denied, 474 U.S. 873, 106 S.Ct. 196, 88 L.Ed.2d 165 (1985).
We agree with the trial court that, by testifying, a defendant subjects himself to being questioned about previous convictions. See LSA-C.E. art. 609.1(A). However, a discovery violation by the state presents a separate issue regarding the admissibility of the evidence. The rap sheet in this case contained in the record is dated November 5, 1992, less than two months after defendant's arrest. Because the district attorney's office had, in its own records, additional information concerning defendant's criminal record, the state did not completely respond to defendant's request when it merely produced a copy of the rap sheet prepared by the Louisiana State Police. See LSA-C.Cr.P. art. 717. See also LSA-R.S. 15:575-15:597. While the state has no duty to disclose information which it does not possess, See State v. Williams, 448 So.2d 659, 664 (La.1984), the state is required to search its own records in order to fully comply with LSA-C.Cr.P. art. 717. However, the rap sheet in this case contained enough information to put the defense on notice that other convictions might exist. See United States v. Capote-Capote, 946 F.2d 1100, 1105 (5th Cir. 1991), cert. denied, ___ U.S. ___, 112 S.Ct. 2278, 119 L.Ed.2d 204 (1992). Defendant's attorneys could have supplemented the discovery motion if they wanted additional information about defendant's record which might be contained in district attorney records. The record in this case does not show when the state realized defendant had the additional convictions; but the state apparently had the information prior to defendant's objection and did not disclose the information until after the objection.[1]
After reviewing the record, we find the state's failure to timely provide the defense with information regarding the additional convictions is not reversible error. It is apparent from comments made by defense counsel when she voiced her objection that she already knew about the possibility of other convictions. Defendant claims the state's response to the discovery requests misled counsel into recommending that defendant testify. However, considering that defendant admitted to convictions for two felonies and one misdemeanor and that the rap sheet showed an extensive arrest record, we find no support for counsels' claims that their advice would have been different had they been fully informed by the state. See *751 State v. Clement, 368 So.2d 1037, 1041 (La. 1979). This assignment of error lacks merit.

ALLOWING STATE TO SUPPLEMENT THE RECORD; DENIAL OF MOTION FOR MISTRIAL
In the third assignment of error, defendant argues the court erred when, prior to ruling on defendant's motion for mistrial, it allowed the state to supplement the record with documentary evidence concerning defendant's previous convictions for two counts of simple burglary. In the fourth assignment of error, defendant contends the court erred when it denied his motion for mistrial which was filed on the ground the state asked defendant about additional convictions without having evidence to support the line of questioning.
After the state rested on rebuttal, defendant moved for a mistrial and argued that the state's questioning of defendant about the additional convictions without introducing extrinsic evidence in support of the line of questioning left the jury with the impression that defendant had more convictions than were actually supported by the evidence. The prosecutor responded that he asked the questions about defendant's convictions in good faith based upon the records of his office. When the court noted that it had no evidence of these convictions, the state proffered (outside the jury's presence) a minute entry from the same district court showing a guilty plea by "Jerry Selvage" to two counts of simple burglary. The state also presented four cards from the district attorney's office reflecting previous convictions. The cards contain identifying information and show convictions for two counts of simple burglary (corresponding to the minutes) and attempted simple robbery (reduced from attempted first degree robbery). The cards also appear to show convictions for four misdemeanors (battery on a police officer, resisting an officer, two counts of simple battery, and misdemeanor theft). The court allowed the proffer over defendant's objection. After reviewing the documents submitted by the state, the court found a factual basis for the additional convictions and denied the motion for mistrial. The court specifically found that defendant was not prejudiced by the state's failure to introduce court records of the convictions.
Upon a witness' denial of a conviction, Article 613 of the Code of Evidence authorizes, but does not require, the state to introduce extrinsic evidence of the existence of the conviction. While the state is not required to introduce positive evidence that the conviction exists, the state must have a credible factual basis for the line of questioning. See State v. Rice, 626 So.2d 515, 520 (La.App. 3rd Cir.1993) (prosecutor's cross-examination of a defendant concerning previous convictions was appropriate where the defendant denied having convictions); State v. Daniels, 619 So.2d 148, 150-51 (La.App. 3rd Cir.), writ denied, 625 So.2d 172 (La. 1993) (improper for the prosecutor to question the defendant about charges on his rap sheet where the prosecutor was not aware if the charges had resulted in convictions). See also State v. Gay, 616 So.2d 1290, 1297 (La. App. 2nd Cir.), writ denied, 624 So.2d 1223 (La.1993) (improper for prosecutor to suggest by means of specific questions to the defendant that more drugs and drug paraphernalia existed at the defendant's trailer when the prosecutor had no evidence to prove their existence); McCormick on Evidence § 191 at nn. 37-38 (4th ed. 1992). See generally Michelson v. United States, 335 U.S. 469, 481 & n. 18, 69 S.Ct. 213, 221 & n. 18, 93 L.Ed. 168 (1948); State v. Johnson, 389 So.2d 372, 376-77 (La.1980). Otherwise, any questioning by the state regarding the criminal convictions is an impermissible reference to inadmissible other crimes evidence mandating a mistrial. Daniels, 619 So.2d at 150-51.
The records proferred by the state in this case support the court's conclusion that a factual basis existed for the state's questioning of defendant about additional convictions. The trial court did not err when it allowed the proffer and denied the motion for mistrial. These assignments of error lack merit.

REFUSAL TO GIVE LIMITING INSTRUCTION
In the fifth assignment of error, defendant asserts the court erred when it refused to instruct the jury to disregard the *752 state's questioning about convictions for two counts of simple burglary. Defendant claims that, because the state did not introduce any evidence concerning the additional convictions and because defendant denied the convictions, the court should have given a limiting instruction.
It is the duty of the trial judge to give a special requested charge to the jury which does not require qualification, limitation, or explanation and is not included in the general charge or in another special charge to be given, if it is wholly correct and pertinent to the case. LSA-C.Cr.P. art. 807; State v. Shilling, 440 So.2d 110, 114 (La. 1983). However, requested charges which are already substantially given and covered by the general charge are properly refused. State v. Garrison, 400 So.2d 874, 884 (La. 1981).
When the court denied defendant's motion for mistrial (which was filed on the ground the state failed to introduce evidence to establish the additional convictions), defendant asked the court to instruct the jury to disregard the state's questioning of defendant about the two counts of simple burglary. The court refused and indicated it would not instruct the jury as to the weight they should give any evidence. In the court's final instructions to the jury, the court told the jury that statements and arguments made by the attorneys are not evidence and that the jury should determine the facts only from the evidence presented. The court further instructed that evidence consists of the testimony of the witnesses and of exhibits. The court also told the jury that the testimony of a witness could be discredited by evidence showing the witness previously was "convicted" of a crime.
Thus, the court's charge substantially included the instruction requested by defendant; and the court properly denied defendant's request. This assignment of error is without merit.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] During arguments made in connection with defendant's objection, the prosecutor told the court that during a break the defense attorneys indicated defendant was going to testify, so he had his investigator pull records from the district attorney's office to discover the disposition of the previous arrests. It is uncertain from these comments when the state decided to search its records for the information and when the investigator discovered the additional convictions. In any event, arguments of counsel are not evidence; and the record does not show when the state learned of the additional convictions. Only that which is in the record may be reviewed on appeal. State v. Wimberly, 618 So.2d 908, 914 (La.App. 1st Cir.), writ denied, 624 So.2d 1229 (La.1993).