liCOOKS, Judge,
dissenting.
After reviewing the record, I cannot find any factual justification for the trial court’s assessment of 20% fault to Chatman. It was undisputed that Buck had a stop sign in his path of travel. The investigating officer testified that no traffic controls governed Chat-man’s lane of travel; and, therefore, Chat-man had the right of way at the intersection. It was also undisputed that the left front fender of Buck’s vehicle struck the driver’s door of Chatman’s vehicle. This point of impact, physically, renders Buck’s assertion that he had not yet reached the stop sign when the collision occurred untrue. Further, the investigating officer placed the point of collision past the stop sign. A driver who does not have the right of way at an intersection must exercise a greater degree of care. See, Smith v. Borchers, 243 La. 746, 146 So.2d 793 (1962); McCrossen v. Bieszczard, 234 So.2d 763 (La.App. 4 Cir.1970); Steiner v. Employers Liability Assur. Corp., 182 So.2d 345 (La.App. 3 Cir.1966). After reviewing the record, I find the trial court committed manifest error in apportioning 20% fault to Chatman. In my view the record is devoid of any facts which justify such a conclusion.
I also feel the quantum award is abusively low. Apparently, the trial court |2awarded such a low amount because Chatman had a significant past medical history. A tortfea-sor takes his victim as he finds him and is responsible for all the natural and probable consequences of his tortious conduct. Where a pre-existing injury or condition exists, a *217 defendant must compensate the victim for the full extent of the aggravation to that condition. Miley v. Landry, 582 So.2d 883 (La.1991); Broussard v. Domingue, 619 So.2d 148 (La.App. 3 Cir.1993). The record reveals uneontradicted medical testimony that Chatman complained of pain in new areas as well as increased severity of pain in other areas. The fact that the trial court made any award of future medicals gives indication the injury was severe enough to expect pain and suffering in the future. Under the circumstances, I find the amounts awarded are abusively low and should be increased significantly.
I respectfully dissent.