| pFOIL, Judge.
Defendant, Debra Bennett, was charged by grand jury indictment with second-degree murder, a violation of La. R.S. 14:30.1. Following a jury trial, she was convicted as charged and sentenced to imprisonment for life at hard labor, without benefit of parole, probation, or suspension of sentence. Defendant appealed and raises three assignment of error.
FACTS
On October 25, 1998, defendant was staying in French Settlement at a trailer owned by her former employer, Gary Ay-dell. Gary had agreed to let defendant and her sister, Michelle Theriot, stay with him while they looked for a place to live. The trailer was located directly behind Gary’s business, Tee-Pete’s Restaurant and Bar.
Late that afternoon, defendant and Michelle visited the bar. After they returned to the trailer, the bartender, Christy Henderson, noticed that a blue money bag that had previously been under the bar’s cash register was gone. Shelly Vilenurve, a waitress in the restaurant, told Christy that she saw defendant behind the bar and saw her sister, Michelle, place something blue in her waistband. Christy went to the trailer and confronted defendant about the missing money. In the ensuing physical altercation, defendant and Christy wrestled on the floor. Gary arrived at the trailer and separated the women. He and Christy then returned to the bar. However, while Gary was attempting to phone the police, Christy returned to the trailer with Shelly, and again began yelling at defendant, who was on the telephone, to return the money. Christy yanked the telephone out of defendant’s hand several times. According to Shelly, Christy accidentally fell against defendant, knocking both women to the floor. Defendant got up and went into one of the bedrooms. She returned and shot Christy in the chest with a revolver. At that time, Christy was standing several feet away from defendant, was not advancing toward her, and was unarmed. Christy died shortly thereafter as a result of internal bleeding.
Defendant and Michelle immediately fled the trailer. Michelle was soon apprehended and eventually led the police to where she had hidden the blue money bag. She gave several conflicting accounts as to whether or not defendant was 1¡¿nvolved in or aware of the theft. Defendant also was apprehended and placed under arrest the same evening.
ASSIGNMENT OF ERROR NUMBER ONE
In this assignment of error, defendant argues the trial court erred in ruling that the recorded statement she gave to the police was inadmissible hearsay.
During cross-examination of Detective Chuck Watts of the Livingston Parish Sheriffs Office, defendant attempted to have a tape of the statement she gave him played for the jury. The trial court sustained the state’s hearsay objection, ruling the tape was not admissible.
Generally, any out-of-court statement of the accused constitutes hearsay if it is offered to prove the truth of the matter asserted. See La.Code Evid. art. 801C. Thus, the defendant may not introduce his own self-serving exculpatory *298 statements unless they are subject to an exception to the hearsay rule. See State v. Day, 468 So.2d 1336, 1339 (La.App. 1st Cir.1985). On appeal, defendant argues her taped statement was admissible under the following three exceptions to the hearsay rule, provided in La.Code Evid. art. 803: (1) present sense impression; (2) excited utterance; and (3) then existing mental, emotional, or physical condition. In brief, defendant contends the statement accurately depicts her state of mind, emotions, and intent at the time of the shooting, and evidences the pain inflicted upon her by the victim. She asserts all of these issues were relevant to her claim of self-defense.
Initially, we note that defendant did not proffer either a tape of her statement or a transcribed copy thereof. In order to preserve the right to appeal a trial court ruling that excludes evidence, defendant must make the substance of the evidence known to the trial court. La.Code Evid. art. 103A(2). Because defendant failed to make a proffer, she is barred procedurally from advancing this assignment of error on appeal.[1] See State v. Lynch, 94-0543, pp. 17-18 (La.App. 1 Cir. 5/5/95), 655 So.2d 470, 480, writ denied, 95-1441 (La.11/13/95), 662 So.2d 466.
4In any event, we conclude that none of the exceptions to the hearsay rule urged by defendant are applicable in this case. The statement given by defendant was a non-spontaneous account given to the police several hours after the event and, by defendant’s own admission, was a description of past events. This assignment of error lacks merit.
ASSIGNMENT OF ERROR NUMBER TWO
In this assignment of error, defendant asserts the trial court impermissibly commented on the evidence during closing arguments and, therefore, should have granted her motion for mistrial.
The record indicates that, during closing arguments, defense counsel referred to the fact that the state did not want the jury to hear defendant’s statement. When defense counsel further asserted that the statement demonstrated defendant’s state of mind at the time of the shooting and her deep remorse, the state objected. The following colloquy ensued.
[Prosecutor]: He’s testifying about something that is not in evidence.
[Defense Counsel]: I’m not testifying at all, Judge.
[Trial Court]: Objection sustained.
[Defense Counsel]: Ask yourself why didn’t they want the confession. We did. Tell it all. Put it ah in. It tells about her injuries—
[Prosecutor]: Objection.
[Trial Court]: Mr. Stewart [defense counsel], do not comment on matters that are not into evidence, sir. Objection is sustained.
[Defense Counsel:] I would like to reserve the objections until later.
[Trial Court:] All right.
After the jury retired for deliberations, defense counsel moved for a mistrial on the grounds that the trial court had commented on the evidence, or lack thereof in sustaining the state’s objection. The trial court denied the motion.
Under La.Code Crim. P. art. 772, the judge is prohibited, in the presence of the jury, from commenting upon the facts of the case, either by commenting upon or recapitulating the evidence, repeating the testimony of any witness, or giving an. opinion as to what has been proved, not proved, or refuted. This article does not apply to the trial court’s reasons for rul *299 ings on objections, provided the remarks are not unfair or | ^prejudicial to defendant. See State v. Knighton, 436 So.2d 1141, 1148 (La.1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984); State v. Williams, 500 So.2d 811, 815 (La.App. 1st Cir.1986). Moreover, the trial court’s comments on the evidence have been held to be harmless error if those remarks do not imply an opinion as to the defendant’s guilt or innocence. State v. Styles, 96-897, p. 18 (La.App. 5 Cir. 3/25/97), 692 So.2d 1222, 1231, writ denied, 97-1069 (La.10/13/97), 703 So.2d 609.
Here, the trial court’s remark was no more than an indication that it was sustaining the state’s objection because defense counsel was arguing matters that were not in evidence. See La.Code Crim. P. art. 774. Thus, since the trial court’s remark was made to explain its ruling, it did not constitute a comment on the evidence. Further, the remark was neither unfair nor prejudicial to defendant, nor did it imply an opinion as to defendant’s guilt or innocence. A mistrial is a drastic remedy that should be granted only when the defendant suffers such substantial prejudice that he has been deprived of any reasonable expectation of a fair trial. See State v. Berry, 95-1610, p. 7 (La.App. 1 Cir. 11/8/96), 684 So.2d 439, 449, writ denied, 97-0278 (La.10/10/97), 703 So.2d 603. We conclude that the trial court correctly denied defendant’s motion for mistrial.
This assignment lacks merit.
ASSIGNMENT OF ERROR NUMBER THREE
In this assignment of error, defendant argues the state failed to provide defense counsel with the decedent’s prior criminal history. Specifically, defendant complains that, because the state did not provide a copy of the victim’s rap sheet until the morning of trial, there was no opportunity to subpoena witnesses. Moreover, she asserts the copy provided by the state was illegible and that it was impossible at that time to know the disposition of any charges that may have been listed thereon. Defendant argues she was prejudiced by the state’s failure to provide adequate information since her entire case was based on self-defense, and evidence of the victim’s past violent history or previous overt acts could have led the jury to reach a different verdict.
The articles regulating discovery are intended to eliminate any unwarranted prejudice that could arise from surprise testimony. Discovery procedures enable the defendant to properly assess the strength of the state’s case against him in order to | (¡prepare his defense. If a defendant is lulled into a misconception of the strength of the state’s case by the failure to fully disclose, such prejudice may constitute reversible error. However, the state’s failure to comply with discovery requests does not constitute reversible error unless actual prejudice results to the defendant. See State v. Selvage, 93-1435, p. 6 (La.App. 1 Cir. 10/7/94), 644 So.2d 745, 750, writ denied, 94-2744 (La.3/10/95), 650 So.2d 1174.
In the instant case, the record reveals that defense counsel did not serve the state with his discovery request for the victim’s rap sheet until July 20, 1999, the day of jury selection. When trial resumed the next day, the state consented to provide the rap sheet to defense counsel, and the trial court signed an order to that effect that day. Under these circumstances, we find no merit in defendant’s complaint that the state did not provide the rap sheet until the morning of trial.
As to defendant’s claim that the state’s response was inadequate because the rap sheet provided was illegible, we note defendant has attached a purported copy of the rap sheet to her brief. However, such attachments may not be considered by this court on appeal. Only that which is in the record may be reviewed by an appellate court. State v. Castaneda, 94-1118, p. 6 (La.App. 1 Cir. 6/23/95), 658 So.2d 297, 302. Thus, we are unable to review this argument on appeal.
This assignment of error is without merit.
*300 CONVICTION AND SENTENCE AFFIRMED.
FITZSIMMONS, J., concurs in part, and assigns reasons.

. We note that there is a transcribed copy in the record of a taped statement given by defendant on October 25, 1998, which is stamped "COPY FOR D.A.” However, we have no way of knowing whether the transcribed statement was the same one defendant attempted to play at trial, since the latter statement was neither filed into evidence nor proffered.