| ¶ PEATROSS, J.
Defendant, Walto Hendricks, was convicted by a jury of aggravated flight from a police officer and was sentenced to serve two years at hard labor. Defendant appeals, assigning as error the trial judge’s ruling allowing the State to introduce certain tangible evidence during rebuttal. For the reasons stated herein, we affirm.

FACTS

On November 20, 2001, in Farmerville, Louisiana, Sergeant Chris Wingfield of the Union Parish Sheriffs Department received a “crime stopper” call informing him that Defendant was selling crack cocaine from his car and that there was a black male passenger also in the car. The car was described as a green Honda Accord with a sun roof. Sgt. Wingfield and other members of the sheriffs department began to patrol the Farmerville area looking for the vehicle.
Sgts. Peyton McKinnie and Keith Black-man observed the vehicle preparing to make a left turn at the traffic light at the intersection of La. Hwy. 2 and Martin Luther King Drive (“MLK Dr.”). Sgt. McKinnie, who was driving the police vehicle, motioned for Defendant to turn in front of the patrol car. When Defendant made the turn, Sgt. McKinnie turned behind Defendant’s vehicle and activated his emergency lights. Defendant did not pull over; rather, he accelerated his vehicle and a chase ensued. Sgt. McKinnie then turned on the siren and pursued Defendant, who was traveling at a high rate of speed, estimated to be 80 miles per hour at one point. During the chase, Defendant ran a stop sign at an intersection, | ¡¡traveled in the opposite lane to pass another vehicle while on MLK Dr., turned east on Oaklawn Drive and traveled a short distance before leaving the roadway and driving across a dirt portion of the intersection at Shelton Drive. Defendant continued a short distance on Shelton Drive before he suddenly stopped the car, *1098 exited the vehicle and began to run. Sgt. McKinnie exited his vehicle and began to chase Defendant, but was unable to apprehend him. The passenger in Defendant’s vehicle, Stacey Jones, was detained for questioning and released.
While the vehicle chase was in progress, there were several pedestrians, some of them small children, along the roadway.
Defendant’s vehicle was impounded and a vehicle inventory was performed which revealed no narcotics. Defendant was later arrested on November 27, 2001. As previously stated, Defendant was found guilty as charged by a jury and was subsequently sentenced to serve two years at hard labor. This appeal ensued.

DISCUSSION

Assignment of Error Number One (verbatim): The trial court erred in allowing the state to use previously undisclosed tangible physical evidence in rebuttal despite repeated discovery requests from the defendant prior to trial.
La. R.S. 14:108.1(C) states, in pertinent part:
Aggravated flight from an officer is the intentional refusal of a driver to bring a vehicle to a stop, under the circumstances wherein human life is endangered, knowing that he has been given a visual and audible signal to stop by a police officer when the officer has reasonable grounds to believe that the driver has committed an offense. The signal shall be given by |3an emergency light and a siren on a vehicle marked as a police vehicle.
During trial, Defendant offered testimony from two witnesses who stated that they did not hear a siren during the chase of Defendant. In the rebuttal portion of the State’s case, the district attorney introduced a tape recording of a radio transmission which contains the sound of a siren in the background as the pursuing officers radioed back and forth to the dispatcher during the chase of Defendant. Defense counsel argues that the existence of this tape was never disclosed by the State during discovery and that the State’s failure to disclose this evidence prior to trial resulted in the defense calling witnesses who did not remember hearing a siren. Defendant argues that, had he known of the existence of the tape, he may have chosen not to put on evidence regarding the sounding of the siren and a different verdict may have been returned by the jury. Defendant further submits that the tape was discoverable and should have been disclosed prior to trial. According to Defendant, because the tape was not disclosed during discovery, the trial court’s admission of the tape in the State’s rebuttal was erroneous and warrants reversal of Defendant’s conviction.
The State notes that it never intended to use the taped recording of radio transmissions between Sgt. McKinnie and a Union Sheriffs Department dispatcher during its case in chief.[1] The State further points out|4that it presented three witnesses during its case in chief who testified that Sgt. McKinnie activated the siren on his vehicle when the chase began. According to the State, the introduction of the audio tape was designed solely to discredit and rebut the testimony of defense witnesses who *1099 testified that they did not remember hearing a siren during the chase.
Generally, the discovery rules of the Louisiana Code of Criminal Procedure are intended to eliminate unwarranted prejudice which could arise from surprise testimony. State v. Richardson, 33,272 (La.App.2d Cir.11/1/00), 779 So.2d 771, writ denied, 00-3295 (La.10/26/01), 799 So.2d 1151, citing State v. Selvage, 93-1435 (La.App. 1st Cir.10/7/94), 644 So.2d 745, writ denied, 94-2744 (La.3/10/95), 650 So.2d 1174. Regarding documents and tangible objects, La.C.Cr.P. art. 718 provides, in pertinent part, that, on motion of the defendant, the court shall order the district attorney to permit or authorize the defendant to inspect, copy, examine, test scientifically, photograph, or otherwise reproduce books, papers, documents, photographs, tangible objects, buildings, places, or copies or portions thereof, which are within the possession, custody, or control of the state, and which are intended for use by the state as evidence at the trial.
Rebuttal evidence is that which is offered to explain, repel, counteract or disprove facts given in evidence by the adverse party. Such evidence may be used to strengthen the state’s original case. The determination of whether evidence is rebuttal evidence and hence admissible is an issue | Bwhich is addressed to the sound discretion of the trial court judge. State v. Huizar, 414 So.2d 741 (La.1982); State v. Gantt, 616 So.2d 1300 (La.App. 2d Cir.1993), writ denied, 623 So.2d 1302 (La.1993), citing State v. Widenhouse, 582 So.2d 1374 (La.App. 2d Cir. 1991), writ denied, 586 So.2d 567 (La.1991), cert. denied, 503 U.S. 910, 112 S.Ct. 1274, 117 L.Ed.2d 500 (1992). A trial court’s ruling on the admissibility of rebuttal evidence will not be disturbed except in extreme cases such as when the evidence was kept back deliberately for the purpose of deceiving and obtaining an undue advantage. State v. Williams, 445 So.2d 1171 (La.1984).
To obtain a conviction on the charge of aggravated flight from an officer, the state must prove that (1) the defendant intentionally refused to stop his vehicle, (2) human life was endangered by the failure of the defendant to stop his vehicle, and (3) the defendant knew that he had been given a visual and audible signal to stop by a police officer driving a marked unit, La. R.S. 14:108(C), together with 2 of the 4 acts listed in La. R.S. 14:108.1(D) which show human endangerment, to wit:
(1) Leaves the roadway or forces another vehicle to leave the roadway.
(2) Collides with another vehicle.
(3) Exceeds the posted speed limit by at least twenty-five miles per hour.
(4) Travels against the flow of traffic.
The first two elements of the offense are not at issue in this appeal; rather, it is the third element, i.e., that Defendant knew that he had been given a visual and audible signal to stop by a police officer in a marked unit, |Bthat provides the basis of Defendant’s arguments. The State sought to prove this third element, during its case in chief, through the testimony of Officers McKinnie, Wingfield and Blackman. All three of these witnesses attested to the fact that the siren on the police vehicle was activated during the chase of Defendant.
Thereafter, in Defendant’s case in chief, Ladonna Cook (Defendant’s sister), Tyjuan Hendricks (Defendant’s nephew) and Stacey Jones (passenger in Defendant’s vehicle during the chase), each testified that they did not recall hearing a siren during the chase. Since the defense presented this new evidence, the State was entitled to present rebuttal evidence on this element of the offense. State v. Williams, supra. The audio tape of the radio transmissions on which the sound of the siren is audible was introduced, over *1100 defense counsel’s objection, to rebut the three defense witnesses’ testimony. The record does not support Defendant’s contention that the State purposely withheld the existence of the tape from Defendant to obtain an advantage. We find no error in the trial court’s admission of this rebuttal evidence.
In addition, as previously mentioned, La. C.Cr.P. art. 718 provides, upon the defendant’s motion, for the disclosure of documents and tangible objects in the state’s possession, custody or control which it intends to use as evidence at trial. Since the State did not intend to introduce the tape at trial, and, in fact, only introduced it to rebut Defendant’s evidence, we find |7that the State was not required to disclose the recording of the radio transmission in response to Defendant’s pre-trial discovery motions.

CONCLUSION

For the foregoing reasons, Defendant Walto Hendricks’ conviction and sentence are affirmed.
AFFIRMED.

. During argument on Defendant’s objection to the admission of the tape, the district attorney stated that he did not intentionally mislead defense counsel or the trial court regarding the existence or contents of the tape. In fact, the district attorney informed the trial court that he listened to the tape for the first time during Defendant’s case, after the three witnesses for Defendant had testified that they did not hear a siren during the chase.