*842 ON APPLICATION FOR READMISSION
PER CURIAM.
| TIn this matter, petitioner, Syed A. Sa-lat, a disbarred attorney, applies for readmission to the bar after three previous denials. For the reasons set forth, we again deny his application, and we shall permanently prohibit him from reapplying in the future.
UNDERLYING FACTS AND PROCEDURAL HISTORY
In 1992, petitioner, with the cooperation of an employee of the East Baton Rouge Parish Clerk of Court’s office, entered into a scheme to alter the filing dates on six lawsuits to make it appear as if the suits had been filed within the applicable prescriptive period. Petitioner was later criminally charged in the matter. He was convicted of six counts of filing false public records and sentenced to two years imprisonment on each count, the sentences to run concurrently. His conviction and sentence were affirmed on appeal and this court denied his application for writs. State v. Salat, 95-0072 (La.App. 1st Cir.4/4/96), 672 So.2d 333, writ denied, 96-1116 (La.10/4/96), 679 So.2d 1378.
Shortly after his conviction, we placed petitioner on interim suspension. In re: Salat, 94-0705 (La.4/29/94), 637 So.2d 454. While the criminal matter was pending on appeal, petitioner filed a petition for consent disbarment. On April 21, 1995, we granted the petition and disbarred petitioner, retroactive to the date of his interim suspension. In re: Salat, 95-0751 (La.4/21/95), 653 So.2d 548.
|2In April 2012, petitioner filed the instant application for readmission. The Office of Disciplinary Counsel filed an objection to the application. The matter was then considered by a hearing committee, which recommended readmission be denied because, among other concerns, petitioner did not make full restitution to his victims and he does not possess the requisite honesty and integrity to practice law in Louisiana. The disciplinary board likewise recommended readmission be denied. Petitioner has objected to the board’s recommendation, raising as error the board’s finding that he did not meet his burden of proof.
DISCUSSION
Since his 1995 disbarment, petitioner has applied for readmission to the practice of law in 1999, 2002, and 2007. We denied all of these applications. In re: Salat, 00-1814 (La.9/22/00), 768 So.2d 31; In re: Salat, 04-2249 (La.11/19/04), 888 So.2d 199; In re: Salat, 08-1078 (La.8/29/08), 989 So.2d 91. A review of the prior readmission proceedings reveals the applications were rejected based upon a combination of factors, most notably petitioner’s failure to make a reasonable, good faith effort at restitution, submission of false and forged documents with his second application for readmission, and submission of false statements on a 2002 application for a notarial commission in another state.
The record of this instant application reveals petitioner has again failed to satisfy his burden of proof on readmission. Specifically, the hearing committee made a finding of fact that petitioner failed to make full restitution to his victims because he failed to make any interest payments. Most significantly, the hearing committee made a finding that petitioner has not accepted responsibility for his misconduct, explaining that “even after more than 20 years, he still wants to argue semantics about his actions.” Although the disciplin *843 ary board rejected this conclusion, our review of the record reveals the hearing committee’s factual |3findings were based on its credibility determinations and are not manifestly erroneous.
Based on our review of the record, we find petitioner has not proven by clear and convincing evidence that he possesses the requisite competence, honesty, and integrity to practice law in this state. In light of the egregious nature of petitioner’s conduct, including his post-disbarment pattern of deceitful actions occurring over many years, it is abundantly clear petitioner lacks the moral fitness we demand of lawyers admitted in Louisiana.
While we have traditionally allowed disbarred attorneys to apply for readmission, we have made it clear there is no absolute right on the part of a disbarred attorney to seek readmission. Rather, in In re: Laudumiey & Mann, 03-0234 (La.6/27/03), 849 So.2d 515, cert. denied, 540 U.S. 1048, 124 S.Ct. 814, 157 L.Ed.2d 697 (2003), we explained that considering our absolute discretion over readmission, we have “always had the unfettered authority to refuse readmission to disbarred attorneys, including the right to do so on a permanent basis.” 03-0234 at p. 10, 849 So.2d at 522 [emphasis added].
Considering the totality of the facts of this case, we can conceive of no circumstance under which we would ever readmit petitioner to the practice of law in Louisiana. In light of petitioner’s inability to demonstrate moral fitness over the course of four applications for readmission, any further applications for readmission would be pointless.
Accordingly, we will deny petitioner’s application for readmission. Furthermore, exercising our plenary power over the practice of law, we hereby order that no further applications for readmission by petitioner shall be permitted.
I ¿DECREE
After reviewing the evidence and considering the law, we conclude that petitioner has failed to meet his burden of proving that he has satisfied the criteria for readmission. See Supreme Court Rule XIX, § 24(E). Accordingly, it is ordered that the application for readmission be denied. We further order that petitioner shall be permanently precluded from seeking readmission in the future.
READMISSION DENIED.