404 So.2d 1202 (1981)
STATE of Louisiana
v.
Carl WHITE.
No. 81-KA-0197.
Supreme Court of Louisiana.
September 28, 1981.
*1203 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, David Paddison, Asst. Dist. Attys., for plaintiff-appellee.
Jasper Pharr, New Orleans, for defendant-appellant.
LEMMON, Justice.
This appeal presents two principal issues: (1) whether the evidence is sufficient to sustain the defendant's conviction of felony theft and (2) whether errors normally considered "patent on the face of the record" require reversal without a showing of prejudice.
Facts
Defendant entered a jewelry store and asked to view a ring. After examining the ring, defendant asked for the salesperson's business card. The salesperson, being suspicious, recovered the ring from defendant and walked over to another area of the small store to get her card. Observing defendant slide open one of the showcases and remove a display case which contained seven diamond rings having a total value of approximately $8,000, the salesperson immediately returned to the counter. Because she had seen defendant place the case of rings under a box from another store, she demanded that defendant return the rings. Defendant responded by asking "What rings?", and she knocked the box aside and grabbed the rings. She retreated, rings in hand, to the telephone, informing defendant that she was going to call the police, whereupon defendant fled rapidly from the store into the parking area of the shopping mall.
Another employee, who also witnessed the events, pursued defendant, but lost sight of him and sought aid from security officers in the mall. By the time she located an officer, she was informed that the police already had defendant in custody.
Defendant was charged with theft of jewelry valued at $7991. After a jury trial defendant was found guilty as charged and sentenced to serve eight years imprisonment at hard labor. Defendant then moved for a new trial, challenging the sufficiency of the state's evidence to sustain the jury's verdict. The motion was denied, and defendant appealed.
Sufficiency of Evidence
Viewed in a light most favorable to the state, the evidence was sufficient to convince a reasonable juror beyond a reasonable doubt that defendant committed the offense charged. The evidence clearly supported the jury's finding that defendant acted with a specific intent to steal the seven rings. See State v. Byrd, 385 So.2d 248 (La.1980). The evidence also amply supported their finding regarding the value of the rings. Compare State v. Peoples, 383 So.2d 1006 (La.1980).
*1204 Defendant's only complaint with arguable merit relates to the sufficiency of the proof of a "misappropriation" or "taking". See R.S. 14:67. However, the unauthorized removal of the rings from the closed display case clearly constituted "an exercise of wrongful dominion" or "unauthorized control" of the object of the theft (the rings). State v. Victor, 368 So.2d 711 (La.1979). The fact that the rings were not removed from the store, or even from the general area where they were kept, does not govern.
In Victor this court rejected defendant's argument that an "asportation" was required to fully accomplish a theft. Justice Tate, writing for a unanimous court, stated:
"... La.R.S. 14:67 provides that a theft may occur when there is a `misappropriation' (exercise of wrongful dominion) or a `taking' (unauthorized control) of the property of another, without regard to whether there is physical movement (asportation)...." 368 So.2d at 714.
In the present case defendant's secret removal of the rings from their display case and his concealment of them under a box from another store was sufficient to prove the elements of misappropriation or taking.
Errors Patent
More troubling problems have surfaced from our inspection, upon defendant's request, of the record of the proceedings. Defendant was sentenced, without objection, immediately after his new trial motion was denied. The minutes do not reflect a waiver of the otherwise mandatory 24-hour delay in sentencing required by C.Cr.P. Art. 873. Further, the copy of the bill of information included in the record on appeal does not reflect that the district attorney ever signed the formal charging document, as required by C.Cr.P. Art. 384. Although no objection was raised in the trial court, both of these deficiencies may be noticed by this court on appeal for the first time (even if not assigned as error by defendant), because they are discoverable by "a mere inspection of the pleadings and proceedings". C.Cr.P. Art. 920(2).
Although C.Cr.P. Art. 873 unequivocally requires the trial court to delay imposition of sentence for a period of at least 24 hours after denial of post-trial motions, there has been no objection raised regarding the sentence imposed in this case and no showing or suggestion that defendant was prejudiced by the failure to observe the delay. Judicial efficiency therefore dictates that this court need not follow the useless formality of remanding for reimposition of a sentence which has not been challenged. See State v. Haarala, 398 So.2d 1093 (La. 1981).
Defendant had a full opportunity to raise his complaint regarding the sufficiency of evidence in the new trial motion.[1] The time lapsed between the defendant's conviction, March 18, 1980, and the date on which sentence was finally imposed, May 30, 1980, was substantial. There are no indications that defendant's sentence was hurriedly imposed without due consideration. Indeed, the minutes of March 18, 1980 reflect that a presentence investigation was ordered.[2]
A remand would only serve to lengthen unnecessarily the already substantial delays involved in this case and would in no way further the goal of achieving a fair and just decision on either verdict or sentence. It is illogical for this court to remand for the reimposition of sentence merely because there is an "error" in the minutes' lack of an affirmative waiver of the 24-hour delay. Just as non-prejudicial violations of the accused's statutory rights do not mandate reversal, an error in procedure which does not affect the fundamental fairness of the process does not necessarily require reversal and remand, unless prejudice is shown. C.Cr.P. Art. 921. In fact, C.Cr.P. Art. 921 mandates that this court not reverse a judgment because of an "error, defect, irregularity or variance which *1205 does not affect substantial rights of the accused".
We accordingly hold that there is no need to equate errors discoverable on the face of the pleadings and proceedings with reversible error. Whether a patent error, like other statutory error, requires reversal must be evaluated in light of the potential impact on the fairness of the proceedings.
For similar reasons we decline to reverse this conviction, based on a jury verdict following proceedings in which the fairness has not been challenged, merely because the prosecutor's signature may have been omitted from an otherwise fully sufficient bill of information that fairly apprised defendant of the nature and cause of the accusation against him. The minutes of March 19, 1980 reflect that defendant filed and withdrew a request for a bill of particulars and for other discovery, because the state had afforded "full discovery" of the state's evidence. By responding to defense motions and by presenting the case at trial, the prosecution fully ratified the filing of formal charges. Any protection that is afforded to the accused and to society by the requirement that the district attorney's signature appear on the bill of information was fully accorded here. If there were any doubts concerning the authenticity of the prosecutorial instrument, those were undoubtedly dispelled by the district attorney's active prosecution of this case.
Further, C.Cr.P. Art. 534(1) provides that the district attorney's failure to apply his signature is a ground for quashing an information. The following article, C.Cr.P. Art. 535, sets forth the time limits within which motions to quash on various grounds must be filed. The article also explicitly provides that the failure to file a motion to quash on grounds other than those set forth in art. 535 A and B waives defendant's right to complain of the defect. The provisions of paragraph A and B do not include the prosecutor's failure to comply with the signing requirement of C.Cr.P. Art. 384.[3]
Thus, defendant's failure to file a motion to quash waived his right to complain of the failure of the prosecutor to sign the bill of information.
Decree
The conviction and sentence are affirmed.
DENNIS, J., concurs in part and dissents in part with reasons.
CALOGERO, J., concurs in part and dissents in part for reasons assigned by DENNIS, J.
NOTES
[1] The hearing on the motion for new trial was, according to the minutes, postponed at least twice on defendant's request.
[2] No copy of the report is contained in the record, apparently because defendant had no objection to the severity of the sentence.
[3] A similar result was reached in State v. Sears, 298 So.2d 814 (La.1974). There, this court rejected defendant's contention that the failure of the foreman (as opposed to the deputy foreman) to sign the grand jury indictment required reversal of his conviction, despite his failure to file a motion to quash. The court held that defendant had waived his right to raise the alleged violation of C.Cr.P. Art. 383.