441 So.2d 812 (1983)
STATE of Louisiana, Plaintiff-Appellee,
v.
Timothy GASPARD, Defendant-Appellant.
No. CR83-342.
Court of Appeal of Louisiana, Third Circuit.
December 14, 1983.
Steven A. Chandler, Lafayette, Robert R. Bernard, Kaplan, for defendant-appellant.
Louis G. Garrot, III, and Calvin Woodruff, Jr., Asst. Dist. Attys., Abbeville, for plaintiff-appellee.
Before CUTRER, DOUCET and LABORDE, JJ.
CUTRER, Judge.
The defendant, Timothy Gaspard, was charged by bill of information with possession of marijuana, fourth offense, in violation of LSA-R.S. 40:967.[1] After a jury trial, the defendant was found guilty as charged. The trial court sentenced the defendant to ten years at hard labor.[2]
Although a motion for appeal was requested by the defendant and granted by the trial judge, no assignments of error were perfected as required by LSA-C.Cr.P. art. 844. Therefore, this court's review is limited to a review of the record for errors that are discoverable by a mere inspection of the pleadings and proceedings. State v. Smith, 418 So.2d 515 (La.1982); State v. Davis, 332 So.2d 821 (La.1976); State v. Jackson, 332 So.2d 211 (La.1976); LSA-C. Cr.P. art. 920.
In our review of the record we have discovered one such "patent error," but we do not find that it merits reversal. This error occurred when the defendant was immediately sentenced following the trial judge's denial of his motion for a new trial, *813 although LSA-C.Cr.P. art. 873 requires that there be at least a twenty-four hour delay between the denial of the post-trial motion and the imposition of sentence.[3] In State v. White, 404 So.2d 1202 (La.1981), our Supreme Court addressed this same issue and held that the error, while patent, was not reversible, as the defendant had not been prejudiced by the lack of a sentencing delay.
That decision was premised upon the need for judicial efficiency and upon C.Cr.P. art. 921, which forbids reversal "of any error, defect, irregularity, or variance which does not affect substantial rights of the accused." The court in White noted that the defendant had had a sufficient opportunity to raise his objections at the hearing on his motion for a new trial. Also, over two months had elapsed between his conviction and sentence, and there was no indication that the sentence had been hurriedly imposed (a presentence investigation had been ordered). Also, see State v. Brogdon, 426 So.2d 158 (La.1983).
In a similar vein there is no indication that the defendant in the case at bar was prejudiced by the trial court's failure to delay sentencing by twenty-four hours. The defendant's conviction was on October 28, 1982, and a presentence investigation was ordered at that time. The initial sentence of ten years at hard labor "without benefit of parole" was imposed on February 23, 1983, but this court remanded that sentence as it had been entered prior to a hearing on the defendant's motion for a new trial.[4]
The hearing on defendant's motion was held on June 22, 1983, and following the denial of the motion, the defendant was again sentenced to ten years at hard labor.[5] Under these facts we cannot find that the defendant's substantial rights have been affected in any manner. Having evaluated the error "in light of the potential impact on the fairness of the proceedings" (State v. White, supra, at 1205), we find no reversible error. Accordingly we affirm the conviction and sentence.
AFFIRMED.
NOTES
[1] On the date of the offense's occurrence (April 3, 1980), the applicable and controlling statutory provision was R.S. 40:967(D)(3). Pursuant to Acts 1981, No. 800, §§ 1 and 4, the governing statute for crimes such as the one at issue is now R.S. 40:966(D)(3). The possible penalty of twenty years imprisonment with or without hard labor has remained unchanged.
[2] This court previously remanded the defendant's initial sentence, as it had been rendered prior to a hearing on defendant's motion for a new trial. State v. Gaspard, 433 So.2d 435 (La.App.1983).
[3] The minutes indicate that the defendant waived sentencing delays, but the transcript of the sentence itself indicates otherwise.
[4] Any restriction of defendant's right to parole would have been illegal under the available sentence of then R.S. 40:967.
[5] This sentence does not contain the defective restriction previously imposed.