GAUDIN, Judge.
Don Garland was convicted by a jury in the 24th Judicial District Court of aggravated crime against nature (LSA-R.S. 14:89.1) and sentenced to three years at hard labor without benefit of parole, probation or suspension of sentence. On appeal, he argues that the evidence was insufficient to support a guilty verdict.
At the time of the alleged offense, Garland was employed at Jefferson Downs race track, exercising horses. The victim was a “pony girl” also employed by Jefferson Downs. One of her responsibilities, she said, was “... to enforce the rules and regulations of the track, and Don Garland had broken one of the rules, and I had taken him to the stewards for action and they had fined him fifty dollars ...”
Some time later, the victim said she woke up one morning and Garland was in her bedroom.
From her testimony:
“... he had a stick in his hand, and I had no idea what he was going to do with it. He just stood there looking at me, and I begged him not to hurt me, and I told him that I had money, that he could take my money, just not to hurt me. He told me that he made a vow to himself that the next person that snitched on him was going to die, and he told me that I was the next person ...”
Asked if she thought Garland “... might use the stick ...” on her, the victim answered:, “I did.”
The victim stated that she was “terrified” and that Garland “made me perform oral sex on him ... he told me that if I told anybody what happened that he would kill me.” The girl said that Garland ejaculated into her mouth, and that she “... spit it on the floor ...” and “... wiped him on the sheet.”
The sheet was introduced into evidence, and an expert in forensic biology testified that it contained seminal fluid and saliva stains.
Garland denied being with the victim. Both he and his girlfriend testified that they spent the night in question together.
The jury, however, unanimously chose to believe the victim. Conflicts in testimony resolved against the defendant’s interests are usually not reviewable on appeal. If the trier of fact — in this case, a *32 12-person jury — could rationally have determined beyond a reasonable doubt that Garland was guilty, his conviction must stand, his reliance on Jackson v. Virginia, 443 U.S. 307, 65 S.Ct. 1092, 89 L.Ed. 1577, notwithstanding.
In State v. Richardson, 425 So.2d 1228 (La.1983), the Supreme Court of Louisiana said:
“In the case before us, defendant asks that we evaluate the credibility of the witnesses and overturn the trial court on its factual determination of guilt. This is not the function of the court on appeal. La. Const. Art. 5, Sec. 5(C) ...”
For the foregoing reasons, we affirm Garland’s conviction.
Appellant also asks that we examine the record for errors patent. We note that when Garland’s motion for a new trial was denied, he was sentenced immediately thereafter without waiving the 24-hour delay specified in LSA-C.Cr.P. art. 873, which provides:
“If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.”
Jurisprudence prior to 1980 consistently held that failure to comply with the 24-hour delay was error which voided the sentence, requiring that the defendant be resen-tenced. See State v. Bell, 377 So.2d 275 (La.1979); State v. Hopkins, 351 So.2d 474 (La.1977); State v. McDaniel, 340 So.2d 242 (La.1976). Later cases have moved away from such a strict application of the 24-hour delay rule, holding that the defendant is entitled to resentencing only when there is a showing of prejudice as a result of failure to comply with the rule. See State v. Brogdon, 426 So.2d 158 (La.1983); State v. Keleman, 444 So.2d 1328 (La.App. 2nd Cir.1984) writ denied 447 So.2d 1069; State v. Gaspard, 441 So.2d 812 (La.App. 3rd Cir.1983).
In the instant case, Garland does not allege that he was prejudiced by the failure of the trial judge to comply with Art. 873, nor is there any evidence in the record that the defendant was prejudiced in any way. A presentence investigation report was prepared and submitted to the trial judge, and Garland was given the minimum sentence for conviction of aggravated crime against nature.
Accordingly, the failure to adhere to the Art. 873 24-hour rule was harmless. Re-sentencing is not required.
AFFIRMED.