DUFRESNE, Judge.
Dudley J. Hill was charged with attempted aggravated rape, aggravated crime against nature and armed robbery. He was found guilty by a twelve person jury of attempted forcible rape, attempted crime against nature and first degree robbery. After post-trial motions were heard he was sentenced to serve seven years in the custody of the Department of Corrections without benefit of parole, probation or suspension on the first degree robbery conviction, seven years on the attempted forcible rape conviction and two and one-half years on the attempted crime against nature conviction. The sentences were ordered served concurrently and awarded the defendant credit for time served.
The defendant has appealed and asked us to examine the record for errors patent on the face of the record. We have reviewed the entire record and only find that the trial judge failed to observe the mandatory twenty-four (24) hour delay between ruling on a motion for new trial and imposing sentence. See C.Cr.P. art. 873. While the delay may be expressly waived, it must be waived by the defense. In this case, the State waived the delay, the defense did not.
However, here as in State v. White, 404 So.2d 1202 (La.1981) the defendant has not challenged the sentence nor showed that he suffered any prejudice as a result of the failure to waive the 24 hour delay.
Accordingly, the defendant’s conviction and sentence are affirmed.
AFFIRMED.