712 So.2d 302 (1998)
STATE of Louisiana
v.
Keith BOWERS.
No. 97-KA-1029.
Court of Appeal of Louisiana, Fifth Circuit.
May 27, 1998.
*303 Katherine M. Franks, Baton Rouge, for Defendant/Appellant.
Paul D. Connick, Jr., District Attorney, Alison Wallis, Terry M. Boudreaux, Deborah A. Villio, Assistant District Attorneys, Gretna, for Plaintiff/Appellee.
Before DUFRESNE, CANNELLA and DALEY, JJ.
DALEY, Judge.
This appeal arises from a jury conviction of armed robbery in which a 17 year sentence was imposed by the trial judge. The defendant, Keith Bowers, has appealed. After a thorough review of the record and jurisprudence, we affirm the conviction, vacate the sentence, and remand this matter to the trial court for re-sentencing.

FACTS:
The following facts were developed from the testimony at trial. The victim Dwayne Simmons was vacuuming the rear of his automobile at a carwash located at the corner of Longleaf and Destrehan in the Woodmere area of Harvey, when the defendant tapped him on the shoulder, put a gun in his face, and said "Give me your money." The defendant was wearing a red bandanna across his face and Mr. Simmons was able to "get a good look at his eyes." After taking Mr. Simmons' wallet, the defendant walked away, removing the bandanna from his face. When Mr. Simmons asked for his drivers license *304 back, the robber just looked at him then left, heading in the direction of Alex Korman Drive.
Mr. Simmons, fearing that the defendant would see him using the pay phone at the carwash to call police, went home and related these events to his wife. Mrs. Simmons called her friend who lived in the area in which the defendant headed. After being given a description of the robber, her friend's thirteen year old son, observed an individual fitting this description walking by. Mr. and Mrs. Simmons were told this person was named Keith and lived on Aspen Street. This information was relayed to the police.
Based on this information, the police identified the defendant, Keith Bowers, as a suspect in this robbery. The defendant was identified by Mr. Simmons in a photographic lineup.
The defendant was then arrested and charged with one count of armed robbery, in violation of Louisiana Revised Statute 14:64. After pleading not guilty, he was tried and convicted by a jury on January 31, 1997. On March 12, 1997, he was sentenced to serve seventeen years at hard labor, with seven years of the sentence to be served without benefit of probation, parole or suspension of sentence. The defendant's Motion for New Trial was denied and this appeal followed.

DISCUSSION:
On appeal, the defendant argues that as a juvenile tried as an adult he was deprived of Due Process and Equal Protection when he was precluded from entering into plea negotiations by the trial judge's determination that, as a minor, he was incapable of entering into a plea agreement without the approval of a parent. The defendant further argues that the trial judge erred by failing to inquire into defendant's trial counsel's continued representation when it became apparent that there existed a conflict between the interests of the defendant and his mother, thereby denying the defendant effective assistance of counsel.
In these assignments of error, the defendant contends that his mother would not allow him to negotiate a plea bargain with the state, which was in his best interest and would have resulted in a five year prison sentence. He contends that this created a conflict of interest because trial counsel's loyalties were divided between the defendant and his mother. The state responds that defendant's position with regard to these assignments of error is not supported by the record because the record contains no evidence that defendant wanted to plead guilty or that defendant's mother wished to prevent such a plea. The state further responds that the record is silent regarding any plea bargains offered to the defendant by the state and that the record does not show that the trial court would have limited defendant's sentence in exchange for a guilty plea. The state also contends that the record does not indicate defendant's mother's position with regard to a guilty plea, nor does the record indicate that there was any conflict of interest.
In his appellate brief, defendant states that there is "ample evidence" that he wished to enter into plea negotiations with the state. Defendant also states in his brief, that trial counsel "asserts that before and during trial lenient sentence offers were made available to the minor." As apparent support for these claims, defendant notes in a footnote of his brief that "[t]rial counsel asserts that prior to trial the State had offered to return Keith to Juvenile Court in exchange for a plea of guilty. During trial, the minimum sentence of five years without benefit of parole was offered. Both offers were refused by Keith's mother."
We note that defendant does not cite to any portion of the record to support these allegations. Moreover, the record does not contain any evidence that supports these claims. Defendant does, however, point to the following portion of the trial transcript as a basis for his contentions:
THE COURT:
Okay, are we ready? Let me ask before we call the jury in, I've got one question. You said he really wants to plead? If I was you, you know, I would personally I would put it on the record that he wants to plead and his mama won't let him. I mean, I'm just bringing that up.

*305 Let's put it this way. If it's not on the record, I don't want to hear it later, because I never denied it. I never made a ruling. You just asked me a hypothetical question. You all came back before there was any answer to it, and said, "Never mind." Okay?
MS. CHARLES (defense counsel):
Oh.
THE COURT:
So I just you know, I'm bring it up. Think about it before this thing is over. Let's go forward.
MS. CHARLES:
Okay. Do you want me to put it on the record?
THE COURT:
Well, if he really wants to, yeah, I would put it on the record. If he really wants to plead and he comes to me and says "I want to plead," and then I rule that, "Well, I think you have to get permission "cause you're under eighteen," then you have something.
I don't know what I but I'm not telling you that's what I'd say. I may accept the plea. I might accept the plea. I mean, I've been really thinking about the implications and it's a no win situation, but I can't possibly conceive of the Supreme Court making someone go to jail because they are being tried as an adult, but not giving them the right to decide their own jail term.
Legally, I think that's where we are in this State right now, but I don't think that that's going to it just cannot possibly stand. It can't. So I'm just I'm telling you that, and I'm not telling you how to try your case. Do what you want. Nor am I encouraging him to plead. He may be innocent and he shouldn't plead at all. I'm just it was brought up to me theoretically and I don't want to read about it in a writ later, or, you know, in a post-conviction relief. I don't think it's fair to me, because I didn't give you an answer. Okay?
The above excerpt appears to indicate that the trial judge was urging trial counsel to make a record if defendant wanted to enter a guilty plea, but that his mother would not allow him to do so. The trial judge specifically stated that he did not know how he would rule if the issue came up, but that the matter must be on the record before he could rule one way or the other.
It is well settled that courts of appeal are courts of record and have no authority to review facts not contained in the trial court record. State v. Johnson, 602 So.2d 310 (La.App. 1 Cir.1992). In the present case, the record does not show (1) that the state offered defendant a plea bargain; (2) that defendant wished to accept that bargain; (3) that defendant's mother would have prevented defendant from accepting that bargain; or (4) that the trial judge would or would not have accepted defendant's plea. Accordingly, the defendant's contentions that he was deprived of due process and equal protection and denied effective assistance of counsel because he was not allowed to enter a plea in this case are without merit.
In a separate assignment of error, defendant contends that he was denied the effective assistance of counsel guaranteed by the Sixth Amendment of the United States Constitution and Article I, § 13 of the Louisiana Constitution because (1) his counsel had a conflict of interest; (2) his counsel failed to file a judicial emancipation so that he could enter into a plea agreement; and (3) because his counsel failed to appear at the hearing on the Motion to Reconsider Sentence. Since we have already determined that the record does not support the defendant's arguments regarding the guilty plea, we need only address whether the fact that his counsel failed to appear at the hearing on the Motion to Reconsider the Sentence denied him effective assistance of counsel.
The Louisiana Supreme Court has held that a claim of ineffective assistance of counsel is most appropriately addressed through an application for post conviction relief rather than direct appeal, so as to afford the parties an evidentiary hearing before the trial court and create an adequate record for review. State v. Truitt, 500 So.2d 355 (La.1987); State v. Brown, 384 So.2d 983 *306 (La.1980). Where the record contains sufficient evidence to decide the issue, and the issue is properly raised by assignment of error on appeal, it may be addressed in the interest of judicial economy. State v. Peart, 621 So.2d 780 (La.1993); State v. Junior, 542 So.2d 23 (La.App. 5 Cir.1989), writ denied, 546 So.2d 1212 (La.1989).
We find that the record contains sufficient evidence to determine whether trial counsel's failure to appear at the hearing on defendant's Motion to Reconsider Sentence denied him effective assistance of counsel. The record reflects that a timely Motion to Reconsider Sentence was filed on March 19, 1997 and that the motion was set to be heard on May 14, 1997. However, neither defense counsel nor defendant appeared for the hearing and the motion was dismissed by the trial judge.
According to Louisiana Code of Criminal Procedure article 881.1(D), the "failure to file or make a motion to reconsider sentence ... shall preclude ... the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review." Here, defendant filed a timely Motion to Reconsider Sentence. Thus, defendant's excessive sentence claim was preserved for appellate review and no prejudice resulted to defendant from counsel's failure to appear at the hearing.
Accordingly, we find that this assignment of error is without merit.
The defendant makes several assignments of error relating to his sentence. The defendant urges that the trial judge committed reversible error when he failed to wait 24 hours between denial of the Motion for New Trial and imposition of sentence as required by Louisiana Code of Criminal Procedure article 873. That article provides in pertinent part:
If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.
Absent a showing that prejudice resulted from the failure to afford the statutory delay, reversal of a prematurely imposed sentence is not required. State v. Seals, 95-0305, (La.11/25/96), 684 So.2d 368, 380, cert. denied, ___ U.S. ___, 117 S.Ct. 1558, 137 L.Ed.2d 705 (1997); State v. White, 404 So.2d 1202 (La.1981).
In White, the trial court's failure to observe the 24-hour delay was noted in an errors patent review. The sentence was affirmed by the Supreme Court which reasoned that the defendant did not challenge his sentence on appeal and there was no showing that the defendant was prejudiced by the trial court's failure to observe the delay. In State v. Augustine, 555 So.2d 1331 (La.1990) the defendant did challenge his sentence on appeal and cited the trial court's failure to observe the 24-hour delay. The Court held that the trial court's failure to observe the 24-hour delay was not harmless even though the defendant's sentence was not unconstitutionally excessive. In Seals, supra, the Supreme Court affirmed the defendant's sentence despite the trial court's failure to observe the statutory delay. The Seals Court distinguished Augustine, holding that when there is a mandatory sentence to be imposed, the defendant cannot possibly be prejudiced by the trial court's failure to observe the delay.
In the case at bar there is no indication in the record that the defendant waived the 24-hour delay. Although the conviction of armed robbery carries a mandatory prison sentence, the trial judge had to determine the number of years to be imposed. On appeal the defendant is not only challenging his sentence, he cites the trial court's failure to observe the delay as an error. Accordingly, pursuant to Augustine, we are required to vacate the defendant's sentence and remand this matter to the trial court for re-sentencing. Since we have vacated the defendant's sentence, we need not address the remainder of his assignments of error pertaining to his sentence, nor must we address the State's contention that the sentence imposed is illegally lenient.
For the foregoing reasons the defendant's conviction is affirmed, his sentence is vacated *307 and this matter is remanded to the trial court for re-sentencing.
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED