718 So.2d 546 (1998)
STATE of Louisiana, Appellee,
v.
Lorraine Marie WILSON, Appellant.
No. 30880-KA.
Court of Appeal of Louisiana, Second Circuit.
August 19, 1998.
*547 Richard L. Salmon, Bossier City, for Appellant.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, Robert Randall Smith, Assistant District Attorney, for Appellee.
Before STEWART, GASKINS and PEATROSS, JJ.
PEATROSS, Judge.
A six-person jury convicted defendant Lorraine Marie Wilson ("Wilson") of felony theft. After reviewing Wilson's pre-sentence investigation report, the trial court sentenced Wilson to two years imprisonment at hard labor. The trial court subsequently held a hearing on a motion to reconsider sentence, but declined to modify the sentence. Wilson appeals her conviction and sentence. We affirm.

FACTS
On August 30, 1996, Wilson and Lisa Randles entered the Wal-Mart store on Airline Drive in Bossier City. The women got a grocery cart and put a large trash can into the cart. They then walked through the store, alternately together and apart, putting various items into the trash can. Among these items were bottles of liquor, packages of meat, cigarettes, soft drinks and compact discs.
*548 Wal-Mart security personnel began to watch the women when they started putting items into the trash can. In the beginning, the women left the lid off of the can, but later on, they covered the can except when adding new merchandise. The women spent about one and one-half hours in the store.
When the women were finished, Ms. Randles selected several additional small items and went to an open checkout counter where she paid for those articles. Wilson, however, took the shopping cart with the trash can full of goods to a closed checkout counter and waited while Randles checked out. The women met at the end of the checkout aisle. Ms. Randles put her purchases into the back of Wilson's cart behind the trash can, and the two headed toward the store exit.
As the women pushed the cart toward the store exit, their approach triggered the automatic door opener. At this point, a Wal-Mart exit greeter and several security personnel stopped the women. The total value of the items in the trash can was $665.78. Wilson was charged with theft, a violation of LSA-R.S. 14:67.
The State subsequently entered into a plea bargain agreement with Ms. Randles in exchange for her testimony. At Wilson's trial, Ms. Randles testified that she did not go into the store with the intent to steal anything and that Wilson told her before they entered the store that she was planning to purchase party supplies using her credit card. Ms. Randles testified that, after the women were caught, Wilson told her:
[I]f I [Randles] would have gone to the McDonald's that  in the back of the store, she could have told them that I had the receipt for her and she could have gotten away with it.
After hearing all of the testimony and seeing video surveillance tapes, the jury convicted Wilson as charged.
Wilson appeals, asserting two assignments of error.

DISCUSSION

Sufficiency of the Evidence
Wilson asserts as error that she "is not guilty, as a matter of law, despite the jury verdict of guilty, because the evidence presented in Court did not meet the burden of demonstrating that all of the elements of the crime were present, as reflected in the transcript of testimony."
When issues are raised on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. The reason for reviewing sufficiency first is that the accused may be entitled to an acquittal under Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if a rational trier of fact, viewing the evidence in accord with Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in the light most favorable to the prosecution, could not reasonably conclude that all of the elements of the offense have been proved beyond a reasonable doubt. State v. Brown, 29,708 (La. App.2d Cir.9/24/97), 702 So.2d 744, writ denied, 97-2549 (La.1/30/98), 709 So.2d 703.
Wilson was charged under LSA-R.S.14:67, which provides, in pertinent part:
A. Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
In brief, Wilson argues that the evidence against her was insufficient to support a conviction under LSA-R.S.14:67.10, theft of goods. Most of Wilson's brief addresses the various subsections of that statute and explains why her conduct did not violate those provisions. LSA-R.S. 14:67.10 is a separate crime, however, from LSA-R.S. 14:67, the statute at issue in this case. By analogy from Wilson's argument regarding LSA-R.S. 14:67.10, however, the elements of "taking" and "intent to deprive ... permanently" in LSA-R.S. 14:67 are those most contested by Wilson.
The two leading cases on shoplifting thefts where the offender fails to remove the goods *549 from the store are State v. White, 404 So.2d 1202 (La.1981) and State v. Victor, 368 So.2d 711 (La.1979). In White, a jewelry store clerk observed the defendant take a display case full of diamond rings from a showcase and put the case under a box from another store. The clerk challenged the defendant and then took the case away from him; the defendant fled from the store empty handed, only to be arrested a short time later. In Victor, as the defendant shopped, he removed a terrarium from its box and in its place put a television set. He then sent his daughters to check out with the terrarium box containing the television, but the clerk spotted the television and the defendant was arrested.
The defendants in White and Victor were charged with and convicted of violating LSA-R.S. 14:67. The supreme court upheld their convictions, stating that:
"... La. R.S. 14:67 provides that a theft may occur when there is a `misappropriation' (exercise of wrongful dominion) or a `taking' (unauthorized control) of the property of another, without regard to whether there is physical movement (asportation)...."
White, at 1204, citing Victor, at 714.
Wilson's conduct in this case plainly constituted a taking. She placed a substantial quantity of merchandise in a trash can and covered it with the lid to avoid detection. She next passed through a closed checkout stand with the concealed goods. She then proceeded to the store exit without paying for the goods and pushed the shopping cart close enough to the exit to open the automatic door before store personnel stopped her. Such conduct clearly amounts to unauthorized control.
Similarly, her actions evidence an intent to deprive the store permanently of the goods. Defense counsel makes much of the fact that the trash can in question was a large item and argues that no reasonable shoplifter would attempt to use such an item to conceal a theft. Defense counsel states in brief that "... no sane thief would use such a conspicuous item for concealment any more than they would ride a Shetland pony into the store to conceal a diamond ring under the pony's saddle." While we decline to speculate about the actions of a "sane thief," we note that the jury could have found that no legitimate shopper would pack more than $600 worth of merchandise into a trash can, damage and ruin some of the contents in the process, wait at a closed register for a friend to check out, and then try to smuggle the items out of the store. The jury could reasonably have concluded that all the elements of the offense were proven beyond a reasonable doubt.
This assignment of error is without merit.

Excessiveness of Sentence
Wilson also asserts as error that her "sentence is excessive under the circumstances of this case, under the Louisiana Sentencing Guidelines and under the sentencing guidelines of Article 894.1 of the Louisiana Code of Criminal Procedure."
As stated, Wilson was sentenced to imprisonment at hard labor for two years. She timely filed a motion to reconsider sentence, urging that her sentence was excessive. She further argued that information about her prior conviction, which was relied on by the court at sentencing, was in error. The court held a hearing on the motion and denied relief.
At the outset, we note that the "Louisiana Sentencing Guidelines," as mentioned in Wilson's assignment of error, played no role in the determination of her sentence. The Felony Sentencing Guidelines were repealed by La. Acts 1995, No. 942, § 3, effective August 15, 1995.
We first address Wilson's argument that her sentence was based, in part, on erroneous information in her pre-sentence investigation ("PSI") regarding a prior conviction. The PSI states that Wilson was convicted in Caddo Parish on January 30, 1995, of unauthorized use of an access card and was placed on 18 months supervised probation. At sentencing, the trial court recognized this prior conviction and twice noted that Wilson had not completed her probation at the time of this offense. The court cited the probation violation as a reason why a lesser sentence would deprecate the seriousness of the crime.
*550 In her motion to reconsider, Wilson informed the court that her conviction for unauthorized use of an access card was in 1983, rather than 1995, and that her probation for that offense had long since been completed. The court held a hearing on that motion and heard evidence that the date of the offense was actually 1983. Nevertheless, the court maintained the two-year sentence, stating:
Again, I believe that the sentence that I imposed was appropriate. I don't know what we're doing back here today. I allowed you to file a Motion to Reconsider because you told me that the information in the pre-sentence investigation was wrong. It may be wrong with regard to the date, but it certainly is not wrong with regard to the conviction. The fact again that her character and attitude  and she's sitting here today again professing that she was innocent. They've got her on a video camera exiting the store. And the only reason that they didn't let her out of the store is because the checker there stopped her at the thing, and they were trying to distract the checker so she could get on out of the door.
Thus, the trial court was made aware of the erroneous material in the PSI. After considering the correct information, however, the court elected to let the original sentence stand. Since the court knew of the error complained of by Wilson and ruled that the error was of no consequence, the remaining question on appeal is whether Wilson's sentence is excessive.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La. 1983). The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir. 1988), writ denied, 521 So.2d 1143 (La.1988).
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, sec. 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Davis, 28,662 (La.App.2d Cir.9/25/96), 680 So.2d 1296. A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court does not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Henton, 28,576 (La.App.2d Cir.9/25/96), 682 So.2d 777, writ denied, 96-2590 (La.3/27/97), 692 So.2d 391.
According to La.C.Cr.P. art. 881.4(D):
The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed.
A felony theft conviction carries a potential penalty of imprisonment with or without hard labor for not more than ten years and/or a fine of not more than $3,000. Wilson's two-year hard labor sentence, with no fine, is at the low end of that range.
Most important in the court's sentencing decision was Wilson's poor attitude and lack of remorse regarding this offense and her prior conviction. Specifically, the court stated its belief that Wilson's refusal to admit wrongdoing in either incident demonstrated that she would likely commit other crimes in *551 the future. That observation is supported by the mere fact of Wilson's prior conviction for a crime which is also in the theft "family" of crimes. LSA-R.S. 14:67.3. Following her conviction, Wilson maintained her innocence in a letter to the judge, stating, "We were still shopping and were going back around to get something else that we had forgotten on our list when Mrs. Randles and I were stopped." The court heard testimony and saw video tape evidence conclusively demonstrating that this assertion was false.
In addition, the court found that there was no mitigation or justification for Wilson's actions and that Wal-Mart in no way facilitated the commission of the offense. The court also found that Wilson was in need of treatment which could most effectively be provided by a period of incarceration.
Considering all the facts of this offense and the background of the offender, the two-year hard labor sentence was appropriate. Wilson's previous crime, although not recent, was for a theft-related offense. The sentence was at the low end of the range for the violation of LSA-R.S. 14:67(B)(1), the most serious category of theft. Wilson not only offered no logical explanation for her actions, but continues to deny that she intended to steal the merchandise even in the face of overwhelming evidence to the contrary.
This assignment of error is without merit.

ERROR PATENT
We have examined the record for error patent and found none.

CONCLUSION
For the above reasons, Wilson's conviction and sentence are affirmed.
AFFIRMED.