742 So.2d 957 (1999)
STATE of Louisiana
v.
Kenneth WILSON.
No. 99-KA-105.
Court of Appeal of Louisiana, Fifth Circuit.
July 27, 1999.
*958 Bertha M. Hillman, Thibodaux, Louisiana, Attorney for Defendant/Appellant.
Paul D. Connick, Jr., District Attorney, Ellen Fantaci, Terry M. Boudreaux, Mary Glass, Assistant District Attorneys, Gretna, Louisiana, Attorneys for Plaintiff/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., SOL GOTHARD, and ROBERT L. LOBRANO, Judge Pro Tem.
ROBERT L. LOBRANO, Judge Pro Tem.
The defendant, Kenneth Wilson, appeals his sentence on two counts of armed robbery, claiming that the trial judge erred in imposing a constitutionally excessive sentence. For the following reasons we affirm.
This is the defendant's second appeal. On original appeal, this Court affirmed the defendant's two armed robbery convictions. State v. Wilson, 96-251 (La.App. 5 Cir. 10/1/96), 683 So.2d 775. However, because the trial court had failed to rule on the defendant's timely motions for new trial and for post verdict judgment of acquittal, this Court vacated the sentences and remanded for ruling on the motions and for re-sentencing.
On remand, the trial court re-sentenced the defendant to serve sixty years at hard labor on each count, to run consecutively, without benefit of parole, probation, or suspension of sentence. The trial court denied the defendant's timely filed motion to reconsider sentence, and the defendant appeals.
Both the Eighth Amendment to the United States Constitution and Article I § 20 of the Louisiana Constitution prohibit the imposition of excessive or cruel punishment. A sentence is generally considered to be excessive if it is grossly disproportionate to the offense or imposes needless pain and suffering. State v. Lobato, 603 So.2d 739, 751 (La.1992); State v. Daigle, 96-782, p. 2 (La.App. 5 Cir. 1/28/97), 688 So.2d 158, 159, writ denied, 97-0597 (La.9/5/97), 700 So.2d 506. In reviewing a sentence for excessiveness, the appellate court must consider the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock its sense of justice. Id.
Armed robbery is punishable by imprisonment at hard labor for not less than five years and not more than ninety-nine years, without benefit of parole, probation or suspension of sentence. LSA-R.S. 14:64(B).
The trial judge imposed the sixty year sentences "based on the severity of the crime" stating that considering the defendant's record, he did not believe the sentences were excessive.
A reviewing court will not set aside a sentence as excessive if the record supports the sentence imposed. LSA-C.Cr.P. art. 881.4(D); State v. McCorkle, 97-966, p. 14 (La.App. 5 Cir. 2/25/98), 708 So.2d 1212, 1219. Factors the court may consider in reviewing the sentencing judge's discretion are: 1) the nature of the crime, 2) the nature and background of the offender, and 3) the sentence imposed for similar crimes by the same court and other courts. *959 State v. Medious, 98-419, p. 11 (La.App. 5 Cir. 11/25/98), 722 So.2d 1086, 1092; State v. Richmond, 97-1225, p. 6 (La.App. 5 Cir. 3/25/98), 708 So.2d 1272, 1275.
While the trial judge did not give extensive reasons in sentencing the defendant, the record supports the two sixty-year consecutive sentences. The record reflects that the defendant has demonstrated a propensity for violent behavior. Prior criminal activity is another of the factors to be considered by the trial judge in sentencing a defendant. Prior criminal activity is not limited to convictions. State v. Washington, 414 So.2d 313, 315 (La. 1982). The record in the instant case reflects that the defendant has a criminal history, including another charge of armed robbery found in the bill of information,[1] and several prior arrests for felony offenses, including possession of stolen things.
Finally, a review of our jurisprudence indicates that similar sentences imposed upon defendants convicted of armed robbery have been upheld. See, State v. Alexander, 98-993 (La.App. 5 Cir. 3/10/99), 734 So.2d 43 State v. Styles, 96-897 (La. App. 5 Cir. 3/25/97), 692 So.2d 1222,
Defendant's sentences are within the statutory limit and are supported by the record. We do not believe the trial court abused its great sentencing discretion by imposing the sixty-year sentences, or by ordering that the sentences were to be served consecutively. In defendant's case, the bills of information allege offenses that occurred on different dates, at different locations. In cases such as the defendant's, consecutive sentences are indicated under Article 883. See, State v. Boros, 94-453 (La.App. 5 Cir. 11/29/94), 646 So.2d 1183, 1189.[2]
We have reviewed the record for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990); and State v. Godejohn, 425 So.2d 750 (La.1983) and we note that in the instant case the trial judge failed to observe the twenty-four hour delay mandated by LSA-C.Cr.P. art. 873[3] between denying defendant's motions for new trial and post verdict judgment of acquittal, and sentencing.
Absent a showing of prejudice, when a defendant does not waive the delay afforded in Article 873, and does not challenge the penalty imposed, the error may be harmless. State v. Seals, 95-0305, p. 17 (La.11/25/96), 684 So.2d 368, 380, cert. denied, 520 U.S. 1199, 117 S.Ct. 1558, 137 L.Ed.2d 705 (1997); State v. White, 404 So.2d 1202 (La.1981); State v. Williams, 97-970, p. 4 (La.App. 5 Cir. 1/27/98), 708 So.2d 1086, 1089.
In White, the court found that where the defendant's sentence was not challenged and there was not a showing that defendant was prejudiced by the trial court's failure to observe the delay, "[j]udicial efficiency therefore dictates that this court need not follow the useless formality of *960 remanding for reimposition of a sentence which has not been challenged." White, at 1204.
A different result is reached when the delay is not observed and a defendant challenges his sentence. In State v. Augustine, 555 So.2d 1331 (La.1990), the Louisiana Supreme Court held that the trial court's failure to observe the delay provisions was not harmless, when the defendant appealed his sentence as being excessive even though the defendant's sentence was not unconstitutionally excessive, reasoning that:
There is no assurance that this is a `useless formality for reimposition of sentence,' as was the majority's conclusion in White. For all we know, a reimposition might result in a sentence less than 40 years for this man, who was 18 years old at the time of the offense, who robbed his victim with a racing starter's pistol, and who did not have any prior convictions at the time of the offense. Id.[4]
This Court has also vacated sentences when the delay was not observed and the defendant challenged the sentence as excessive in State v. Reyes, 98-424, p. 12 (La.App. 5 Cir. 12/29/98), 726 So.2d 84, and State v. Bowers, 97-1029, p. 9 (La.App. 5 Cir. 5/27/98), 712 So.2d 302, 306. See also State v. Avila, 563 So.2d 990 (La.App. 5 Cir.1990).
In the present case, while the defendant has not raised the trial judge's failure to observe the delay as error, he has specifically challenged his sentence as excessive. However, we find that under the unique circumstances of this case the failure to waive the delay was harmless. This case was on remand only for the specific purpose of re-sentencing, the defendant did not object at re-sentencing, and, the trial judge has already reconsidered the defendant's sentences at the hearing on the motion for reconsideration of sentence. Accordingly, under these unique and particular circumstances we find that remand would only be a useless formality.
Finally we note that the trial court erred in failing to advise the defendant of the applicable prescriptive period for post conviction relief as mandated by LSA-C.Cr.P. art. 930.8(C). Accordingly, we instruct the trial court to send written notice of the prescriptive period to the defendant within ten days of the rendering of this Court's opinion, and then for the trial court to file written proof in the record that defendant received such notice. See State v. Stelly, 98-578, pp. 5-6 (La.App. 5 Cir. 12/16/98), 725 So.2d 562, 564; State v. Kershaw, 94-141 (La.App. 5 Cir. 9/14/94), 643 So.2d 1289.
For the foregoing reasons we affirm the defendant's sentences, and remand the case to the trial court for the trial judge to inform the defendant of the delays for filing post-conviction relief pursuant to LSA-C.Cr.P. art. 930.8.
AFFIRMED AND REMANDED.
NOTES
[1] In light of the defendant's sentences in the instant case, the state dismissed this charge.
[2] LSA-C.Cr.P. art. 883 provides:

If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently. [emphasis added]
[3] Art. 873 provides in pertinent part:

* * *
If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.
[4] Louisiana courts have, however, distinguished Augustine when the sentence is mandatory, (State v. Seals, supra and State v. Williams, supra.) and when no error is raised as to defendant's sentence, (State v. White, 96-1534, p. 8 (La.App. 4 Cir. 5/21/97), 695 So.2d 1020, 1024).