STATE OF LOUISIANA     *     NO. 2020-KA-0404

VERSUS     *

    **COURT OF APPEAL**

ALFRED JONES, JR     *

    **FOURTH CIRCUIT**

    *

    **STATE OF LOUISIANA**

* * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 545-495, SECTION "G"
Honorable Dennis Waldron, Judge
* * * * * *
**Judge Roland L. Belsome**
* * * * * *

(Court composed of Chief Judge James F. McKay, III, Judge Roland L. Belsome, Judge Joy Cossich Lobrano)


Leon Cannizzaro
District Attorney
Donna Andrieu
Adele Krieger
Assistant District Attorney
Orleans Parish
619 S. White Street
New Orleans, LA 70119


       COUNSEL FOR THE STATE OF LOUISIANA/APPELLEE


Sherry Watters
Louisiana Appellate Project
P. O. Box 58769
New Orleans, LA 70158


       COUNSEL FOR DEFENDANT/APPELLANT


          **AFFIRMED**

          **DECEMBER 9, 2020**

RLB
JFM
JCL

Alfred Jones, Jr. is challenging the sufficiency of the evidence in his conviction and sentence for identity theft. For the reasons that follow, the conviction and sentence are affirmed.

## *Procedural History*

On March 15, 2019, Mr. Jones was arrested for using a debit card that did not belong to him without the owner's consent. On May 1, 2019, the State filed a bill of information charging Mr. Jones with identity theft by using the personal identifying information of Jasmine Ducre with the intent to fraudulently obtain goods and services from Rubensteins valued at five hundred dollars or more but less than one thousand dollars, a violation of La. R.S. 14:67.16. Mr. Jones pled not guilty and waived his right to a jury trial. A bench trial commenced on November 20, 2019. On that date, Mr. Jones was found guilty as charged. Mr. Jones was sentenced to three years in the department of corrections, suspended, with two years active probation.[1] He was ordered to pay restitution, court costs and $100.00 to the indigent transcript fund of Section "G". This appeal followed.

---

[1] The defendant was informed that after a year he may be eligible for deferment under La. C.Cr.P. art. 893.

1

## Assignment of Error

On appeal, Mr. Jones contends that there was insufficient evidence to support his conviction and sentence. First, he maintains that the State failed to prove the elements of identity theft beyond a reasonable doubt. In the alternative, he argues that the State failed to establish that he fraudulently obtained goods valued at five hundred dollars or more, but less than one thousand dollars from Rubensteins.

## Trial Testimony

At trial, the court heard testimony from Jasmine Ducre, Kenneth Rubenstein, New Orleans Police Officer John Huntington, and Mr. Jones. Ms. Ducre testified that she lost her debit card while visiting New Orleans on March 14, 2019. She described the debit card as having a collage of photos of her and her family on the front. After realizing her debit card had been lost, she became aware that it was used at Rubensteins. She immediately called the store to report the unauthorized use of her debit card. Ms. Ducre stated that she did not know Mr. Jones and did not give him permission to use her debit card.

Kenneth Rubenstein, the owner of Rubensteins, testified that he was present at the clothing store on March 15, 2019, and witnessed Mr. Jones shopping. Mr. Rubenstein further stated that shortly after Mr. Jones paid for his purchase, Ms. Ducre called to inform him that her debit card had been used at his store without her authorization. Subsequently, Mr. Rubenstein discussed the purchase with the sales associate and was informed that the employee did not request identification from Mr. Jones when the debit card was used. At that time, Mr. Rubenstein called the New Orleans Police Department to report the incident, and later called to inform the police that Mr. Jones had returned to the store. During his testimony,

2

Mr. Rubenstein identified the receipt from Mr. Jones' purchase of merchandise totaling $645.00, before tax, and the last four digits of Ms. Ducre's debit card.

Next, Officer Huntington from the New Orleans Police Department testified that he responded to Mr. Rubenstein's report that merchandise had been fraudulently purchased at the clothing store. The officer further stated that when Mr. Jones returned for the pants that he had left for alteration he was placed under arrest. At the time of arrest, Mr. Jones was still in possession of Ms. Ducre's debit card.

Once Officer Huntington finished testifying, the State rested its case. Then, the defense called Mr. Jones to testify. Mr. Jones admitted that he purchased the items on March 15, 2019, with Ms. Ducre's debit card. However, he further stated that he thought he had obtained the card from Ms. Ducre. Mr. Jones explained that a woman with a child offered to allow her debit card to be used for Mr. Jones' purchase in return for cash. He also testified that the woman sought his help because she was unable to access cash through her bank. Mr. Jones claimed that he believed the woman and child looked like the people pictured on the debit card. So, he proceeded to use the debit card for his purchase at Rubensteins. According to Mr. Jones' testimony, when he left the store, having purchased items totaling approximately $700.00, he gave the woman $500.00 in cash, and she told him not to worry about the additional $200.00.

On cross-examination, Mr. Jones admitted that Ms. Ducre had not given him permission to use her debit card, testifying that the morning of trial was the first time he had seen Ms. Ducre. However, he insisted that at the time he accepted the debit card he believed that it was Ms. Ducre granting him the authority to use the

debit card. He further stated that he was surprised when he learned that the debit card had been stolen. He continued to maintain that he had no fraudulent intent.

***Discussion***

When reviewing the sufficiency of the evidence to support a conviction, Louisiana appellate courts apply the standard enunciated in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). *State v. Neal*, 00-0674, (La. 6/29/01) 796 So.2d 649, 657 (citing *State v. Captville*, 448 So.2d 676, 678 (La. 1984)). Under the *Jackson* standard, an appellate court must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that all of the elements of the offense had been proven beyond a reasonable doubt. *Id.*; *State v. Tate*, 2001-1658, p. 4 (La. 5/20/03), 851 So.2d 921, 928. The reviewing court has to consider the record as a whole, just as the rational trier of fact considers all of the evidence, and the actual trier of fact is presumed to have acted rationally. *State v. Mussall*, 523 So.2d 1305, 1310 (La. 1988). "[A] reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence." *State v. Smith*, 600 So.2d 1319, 1324 (La. 1992) (citations omitted).

The crime of identity theft is defined as:

> the intentional use, possession, transfer, or attempted use, with fraudulent intent, by any person of any personal identifying information of another person to obtain, possess, or transfer, whether contemporaneously or not, credit, money, goods, services, or any thing else of value without the authorization or consent of the other person.

La. R.S 14:67.16(B). Further, La. R.S. 14:67.16(A)(4)(f) explains that "personal identifying information" includes an individual's debit card number.

4

After hearing the testimony and closing arguments, the trial court found Mr. Jones guilty as charged. On the record, the trial court expressed that he found Mr. Jones' account of events to be incredulous. The court stated that no reasonable person would believe that a woman would offer a complete stranger the authorization for a $700.00 withdrawal from her bank while only taking $500.00 in return. The trial court, as the rational trier of fact, examined the totality of the evidence, and concluded that Mr. Jones' testimony regarding fraudulent intent lacked credibility.

In this appeal, Mr. Jones contends that the State failed to prove that he used Ms. Ducre's debit card while "pretending" to be her. His argument seems to add impersonation as an element of the crime of identity theft, which is contrary to the language of the statute. As set forth in La. R.S. 14:67.16(B), the State had to prove that Mr. Jones used "any [of Ms. Ducre's] personal identifying information" with fraudulent intent for his benefit without her consent. Personal identifying information includes a debit card number. La. R.S. 14:67.16(A)(4)(f).

Alternatively, Mr. Jones maintains that the evidence was insufficient to convict him of fraudulently obtaining goods valued at five hundred dollars or more, but less than one thousand dollars. His rationale for this argument is that although he purchased in excess of $500.00 in merchandise, he only possessed $250.00 of merchandise when he left the store. The $395.00 pants that were charged to Ms. Ducre's debit card remained at Rubensteins.

Mr. Jones' argument is inconsistent with case law. In *State v. White,* 404 So.2d 1202, 1204 (La. 1981), the defendant removed jewelry from a display case without authority. After removing the jewelry, the defendant proceeded to conceal the jewelry, but did not leave the store with the items. There, the court made clear

5

that the fact that the merchandise was not removed from the store does not govern for purposes of determining whether a theft has taken place. What is necessary, is for the perpetrator to have had "unauthorized control" of the object of the theft or to exercise "wrongful dominion" over the merchandise. *Id.*; *see also State v. Bean,* 2004-1527, pp. 9-10 (La. App. 1 Cir. 3/24/05), 899 So.2d 702, 709, *writ granted on unrelated grounds,* 2005-1106 (La. 3/8/06), 925 So.2d 489, and *writ denied,* 2005-1106 (La. 11/3/06), 940 So.2d 652 (merchandise does not necessarily have to be taken from the store in order for a theft to take place).

Here, it is undisputed that Mr. Jones purchased the pants with Ms. Ducre's debit card, and requested alterations. The merchandise was fraudulently acquired from Rubensteins through the sale and then Mr. Jones exercised his wrongful ownership to obtain alterations. He clearly exercised "wrongful dominion" or unauthorized control over the merchandise. Thus, the State sufficiently established that the theft was in excess of five hundred dollars, but less than one thousand dollars.

## *Conclusion*

In accordance with the *Jackson* standard, this Court's role is not to determine credibility or re-weigh evidence. The record before this Court, viewed in the light most favorable to the State, sufficiently establishes all necessary elements to support Albert Jones, Jr.'s conviction and sentence for committing identity theft by using the personal identifying information of Jasmine Ducre with the intent to fraudulently obtain goods and services from Rubensteins valued at five hundred dollars or more but less than one thousand dollars. Therefore, Alfred Jones' conviction and sentence are affirmed.

**AFFIRMED**

6